416 So.2d 500 (1982)
Carolyn E. WHITNEY and Laurence J. Whitney, Her Husband, Appellants,
v.
MARION COUNTY HOSPITAL DISTRICT, a Corporation, d/b/a Munroe Regional Medical Center, and Formerly d/b/a Munroe Memorial Hospital, Samuel L. Renfroe, M.D., P.A., a Professional Service Corporation, Formerly Known As Renfroe, Guin and Sabol, P.A., Florida Patient's Compensation Fund, an Association Created and Controlled by Section 768.54 of the Florida Statutes and Ruby G. Guin, As Personal Representative of the Estate of Thomas D. Guin, Deceased, Appellees.
No. 81-718.
District Court of Appeal of Florida, Fifth District.
July 7, 1982.
*501 Neal D. Evans, Jr., Jacksonville, for appellants.
Edwin C. Cluster of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellee Marion County Hosp. Dist.
No appearance for appellees Renfroe, Florida Patient's Compensation Fund and Guin.
ORFINGER, Chief Judge.
This is an appeal from a final summary judgment in a medical malpractice action. The trial court found that the action was barred by section 95.11(4)(b), Florida Statutes (1977) (the two-year limitation on medical malpractice actions), and that plaintiffs had failed to comply with section 768.28(6), Florida Statutes (1977), the notice provision under the waiver of sovereign immunity act. We reverse.
In a multi-count complaint filed April 2, 1980, directed to appellee hospital (Hospital) and other defendants not involved in this appeal, plaintiffs alleged that the defendants had been guilty of breach of contract and of negligence when they completely failed to perform a requested tubal ligation on Carolyn Whitney, as a result of which she later became pregnant. The complaint alleged that the matter had been submitted to a medical mediation panel which, on February 20, 1980, had rendered a decision in favor of the Hospital. Following extensive pleadings, the trial court entered the summary judgment appealed from.
The Hospital's motion for summary judgment was essentially based on two grounds: (1) the two-year statute of limitations [section 95.11(4)(b), Florida Statutes (1977)], had expired prior to the filing of the suit; and (2) because defendant Hospital was a subdivision of the State of Florida, created by chapter 65-1905, Laws of Florida, Special Acts of 1965, the notice requirements of section 768.28(6) were applicable, and plaintiffs had not complied therewith.
The Hospital contends that it is an agency of the State. Section 768.28(1), Florida Statutes (1977), provides that the state and its agencies and subdivisions, waive sovereign immunity in tort cases to the extent provided in the section and such "actions ... to recover damages in tort ... may be prosecuted subject to the limitations specified in this act." The statute of limitations for actions based on negligence or on any other "wrongful act or omission" brought against a state agency, is four years from the date the claim accrues. § 768.28(11), Florida Statutes (1977).
The statute of limitations for a medical malpractice action under section 95.11(4)(b), Florida Statutes (1977), is two years from the date the incident occurred or was discovered, but no more than four years from the date of the incident. However, Chapter 95 also specifically provides that where a different statute of limitations is provided elsewhere in dhe statutes, that different statute of limitations will apply. § 95.011, Florida Statutes (1977). On its face, therefore, because the Hospital is admittedly a State agency, chapter 95 unambiguously requires application of the limitation period provided in § 768.28(11) for tort actions against the state. See DuBose v. Auto-Owners Insurance Company, 387 So.2d 461 (Fla. 1st DCA 1980).
Thus, even if we were to ignore the applicability of the tolling provision of section 768.44(4) during the pendency of the medical *502 mediation proceeding,[1] it is clear that less than four years elapsed from either the date on which the procedure was to have been performed or the date on which the failure to perform the procedure was discovered, until the date (April 2, 1980) on which the instant complaint was filed. The summary judgment was improperly entered on the limitations ground.
The summary final judgment also relies on appellant's alleged failure to comply with the notice requirements[2] of section 768.28(6), Florida Statutes (1977).[3] The statute requires written notice to the agency and to the Department of Insurance. Suit may be instituted when the appropriate agency or the Department of Insurance denies the claim in writing. The record before the trial court shows that a written demand for medical mediation was served upon the Hospital and contained a detailed statement of the nature of the claim, how and when it allegedly occurred and the damage claimed to flow from it. By affidavit filed in opposition to the Hospital's motion for summary judgment, it appears that the Hospital subsequently responded to the mediation demand by filing a written denial of the claim. Since section 768.28(6) does not specify the form or manner of submitting the claim, except that it be in writing, it follows that any manner of submitting a written notice of the claim to the agency involved that sufficiently describes or identifies the occurrence so that the agency may investigate it, satisfies the statute. Similarly, the written denial of the claim in the mediation proceeding satisfies that requirement of the statute, since the statute mandates no particular form for denial except that it be in writing. The record reflects that the Department of Insurance was notified of the claim and has disclaimed any interest in the matter.
The summary final judgment is therefore reversed, and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] A demand for medical mediation was filed August 31, 1979. The decision of the mediation panel was rendered February 20, 1980. Under section 768.44(4), the period of limitation would have been tolled between those dates, so even if the two-year limitation statute applied, the action would have been timely.
[2] The Special Act of the Legislature which created the Hospital District gives it all the powers of a body corporate including the power to sue and be sued. Additionally, it waives sovereign immunity for claims for "damages" to the extent of liability insurance carried by the Board of Trustees, and prohibits the insurance company from availing itself of the defense of governmental immunity. There is nothing in the act requiring notice to the Board of Trustees as a condition precedent to filing suit.
[3] Section 768.28(6), Florida Statutes (1977) provides:

An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to § 768.14.