493 So.2d 17 (1986)
James FRANKLIN, Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 85-1344.
District Court of Appeal of Florida, Fifth District.
July 24, 1986.
Rehearing Denied September 5, 1986.
Ronald W. Young, Tampa, for appellant.
Frederick L. Bateman, Jr., of Swann, Haddock, Cobb & Cole, P.A., Orlando, for appellee.
UPCHURCH, Chief Judge.
Appellant, James Franklin, was injured by an explosion while delivering a tank of isopropyl alcohol to Sunland Center Hospital. The amended complaint alleged that Franklin had complied with notice provisions of the sovereign immunity statute[1] *18 or, in the alternative, the provisions were waived when Sunland Center Hospital sent notice of the claim to its insurance company and the state Division of Risk Management.
In its motion to dismiss, appellee, the Department of Health and Rehabilitative Services, contended that the notice was invalid since it was not sent to the appropriate agency and that section 768.28(6)(a) must be strictly construed. The Florida Supreme Court has held that these notice provisions must be strictly construed. Levine v. Dade County School Bd., 442 So.2d 210 (Fla. 1983). Several decisions have held that the notice requirements of section 768.28(6)(a) can be waived. In Re Forfeiture One 1978 Datsun Pickup Truck, 475 So.2d 1007 (Fla.2d DCA 1985), rev. denied, 436 So.2d 598 (Fla. 1986); City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla.4th DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986); Hutchins v. Mills, 363 So.2d 818 (Fla.1st DCA 1978), cert. denied, 368 So.2d 1368 (1979). The court in Levine upheld the dismissal of a complaint with prejudice because no notice of a claim was given to the Department of Insurance within three years of the accrual of the cause of action.
In Levine, no notice of the claim was sent to the Department of Insurance, whereas in this case the notice of the claim was sent to the Department of Insurance within three years, but not by the plaintiff. In Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982), this court held that "any manner of submitting a written notice" of claim to the appropriate agency satisfies the notice requirement:
The summary final judgment also relies on appellant's alleged failure to comply with the notice requirements of section 768.28(6), Florida Statutes (1977). The statute requires written notice to the agency and to the Department of Insurance. Suit may be instituted when the appropriate agency or the Department of Insurance denies the claim in writing. The record before the trial court shows that a written demand for medical mediation was served upon the Hospital and contained a detailed statement of the nature of the claim, how and when it allegedly occurred and the damage claimed to flow from it.... Since section 768.28(6) does not specify the form or manner of submitting the claim, except that it be in writing, it follows that any manner of submitting a written notice of the claim to the agency involved that sufficiently describes or identifies the occurrence so that the agency may investigate it, satisfies the statute. Similarly, the written denial of the claim in the mediation proceeding satisfies that requirement of the statute, since the statute mandates no particular form for denial except that it be in writing. The record reflects that the Department of Insurance was notified of the claim and has disclaimed any interest in the matter. (Footnotes omitted; emphasis in the original.)
416 So.2d at 502.
In this case, since the record indicates that the Department of Insurance was notified of the claim within three years of plaintiff's injury and that the department denied liability; therefore, the plaintiff complied with the notice provisions. Accordingly, the decision below is
REVERSED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The relevant part of section 768.28(6)(a), Florida Statutes (1985) provides:

An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing... .