518 So.2d 934 (1987)
Ruth MARTIN, Individually and As Personal Representative of the Estate of Wayne L. Martin, Appellant,
v.
MONROE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 87-965.
District Court of Appeal of Florida, Third District.
December 22, 1987.
Rehearing Denied February 10, 1988.
*935 William Francis Sullivan, IV, Coral Gables, for appellant.
Richard A. Sherman, Ft. Lauderdale, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
We hold that when the Department of Insurance Division of Risk Management acknowledges that within the statute of limitations, an accident report of a claim was filed pursuant to Section 768.28(6), Florida Statutes (1979), it is thereafter estopped after the expiration of the statute of limitations to deny receipt of the claim. Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9 (Fla. 1965); Franklin v. Department of Health and Rehabilitative Services, 493 So.2d 17 (Fla. 5th DCA 1986); Meli v. Dade County School Board, 490 So.2d 120 (Fla. 3d DCA 1986); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978); Carpenter v. City of St. Petersburg, 167 So.2d 772 (Fla. 2d DCA 1964). The trial court therefore erred in entering a summary judgment for Monroe County; which summary judgment is hereby reversed and the cause remanded for further proceedings.[1]
Reversed and remanded.
NOTES
[1] We have not overlooked appellee's contention that this matter is controlled by Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983) and Dukanauskas v. Metropolitan Dade County, 378 So.2d 74 (Fla. 3d DCA 1979), but we find the factual situation in these cases distinquishable from the instant case.