523 So.2d 196 (1988)
ORANGE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
William E. PIPER and Kathryn Fernandez Piper, His Wife, Appellees.
William E. PIPER and Kathryn Fernandez Piper, His Wife, Appellants,
v.
ORANGE COUNTY, a Political Subdivision of the State of Florida, Appellee.
Nos. 87-663, 87-1153.
District Court of Appeal of Florida, Fifth District.
April 14, 1988.
*197 Steven J. Lengauer, of Pitts, Eubanks, Hilyard, Rumbley & Meier, P.A., Orlando, for Orange County.
William W. Fernandez, Orlando, and Calvin J. Faucett, Lake Mary, for William and Kathryn Piper.
SHARP, Chief Judge.
William Piper appeals from a final judgment awarding him $12,890.70 in damages. He suffered personal injuries when he fell into a trash compactor which was operated by Orange County. He argues the trial court erred in failing to read Florida Standard Jury Instruction 3.5(f) to the jury. Orange County cross-appeals from an order granting Mrs. Piper a new trial on the issue of damages for loss of consortium. We reverse on both grounds.
Failure to give a requested jury instruction constitutes reversible error where the complaining party establishes that:
(1) The requested instruction accurately states the applicable law,
(2) The facts in the case support giving the instruction, and
(3) The instruction was necessary to allow the jury to properly resolve all issues in the case.
Giordano v. Ramirez, M.D., 503 So.2d 947 (Fla. 3rd DCA 1987); Alderman v. Wysong & Miles Co., 486 So.2d 673 (Fla. 1st DCA 1986).
Initially, both parties requested Florida Standard Jury Instruction 3.5(f) be read to the jury. 3.5(f) as submitted by Piper stated:
Whether Defendant Orange County negligently failed to maintain its premises in a reasonably safe condition; or whether Defendant Orange County negligently failed to correct a dangerous condition of which Defendant Orange County either knew or should have known by the use of reasonable care; or whether Defendant Orange County negligently failed to warn Plaintiff William E. Piper of a dangerous condition concerning which Defendant Orange County had, or should have had, knowledge greater than that of Plaintiff William E. Piper.
We reject the County's argument that Florida Standard Jury Instruction 3.5(f) inaccurately states the law as it applies to governmental entities. Cf. Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). If facts at trial established a basis to find that Orange County failed to maintain its premises in a reasonably safe condition, or to warn or correct a known dangerous condition, the instruction should have been given.
The failure to give this instruction was not harmless error in this case especially in light of the jury's finding of 90/10% liability in favor of Orange County. Much of Piper's evidence on these issues was excluded by the trial judge. However, the procedure for dumping trash in the compactor, as prescribed by the County, and the necessary proximity of vehicles and persons to the pit, without a guardrail, along justified the giving of the instruction and the jury's finding of some liability on the part of Orange County.
With respect to the loss of consortium claim we find that Mrs. Piper's failure to file her claim with the County or join in Mr. Piper's claim,[1] as required by section 768.28(6), Florida Statutes (1981) warrants its dismissal.[2]Levine v. Dade County *198 School Board, 442 So.2d 210 (Fla. 1983). See also Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Compliance with 768.28(6) is clearly a condition precedent to maintaining a suit.
Mrs. Piper's reliance on this court's opinion in Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982), for the principle that a technical defect in a notice can be waived when the notice is sufficient to provide authorities with an opportunity to investigate shortly after the occurrence, apparently has been impliedly overruled by Levine. Cf. Franklin v. DHRS, 493 So.2d 17 (Fla. 5th DCA 1986) (compliance with notice requirement satisfied even though notice of claim to Department of Insurance was not given by accident victim but by defendant).
Florida case law recognizes that loss of consortium is a separate cause of action belonging to the spouse of the injured married partner, and though derivative in the sense of being occasioned by injury to the spouse, it is a direct injury to the spouse who has lost the consortium. Busby v. Winn & Lovett Miami, Inc., 80 So.2d 675 (Fla. 1955); see also Ryter v. Brennan, 291 So.2d 55 (Fla. 1st DCA), cert. denied, 297 So.2d 836 (Fla. 1974); Resmondo v. International Builders of Fla., Inc., 265 So.2d 72 (Fla. 1st DCA 1972) (both cases holding that husband's release did not abate wife's cause of action for loss of consortium, which was a property right in her own name); but see Gates v. Foley, 247 So.2d 40 (Fla. 1971) (termination of husband's cause of action because of adverse judgment on the merits should bar wife's cause of action for loss of consortium). Therefore, the filing of the required notice by William Piper did not serve as the required notice for Kathryn, nor did it excuse the necessity for her filing a notice of her loss of consortium claim.
REVERSED AND REMANDED.
COWART, J., concurs.
ORFINGER, J., concurs specially with opinion.
ORFINGER, Judge, concurring specially.
I concur in Judge Sharp's opinion, except that I would not so hastily relegate Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982) to the judicial scrap heap. While I agree that Whitney does not support Kathryn Piper's position here, I do not agree that it was impliedly overruled by Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983). Levine held that the failure of the plaintiff to give any notice to the Department of Insurance within the three year period required by section 768.28(6), Florida statutes (1977), barred the action. In Whitney, proper notice was given to the Department of Insurance, and the issue was whether the written notice of claim submitted to the agency was sufficient as to form when it contained all required details, and made a claim for medical mediation under the medical malpractice statute then in effect. We held in Whitney that although section 768.28(6) bars an action against the state or its agencies "unless the claimant presents the claim in writing to the appropriate agency" but does not specify the form in which the claim be presented, a writing which made a claim and contained all the pertinent details on which the claim was based, satisfied the statute, although couched in the form of a request for medical mediation. That issue was not presented in or ruled on in Levine.
NOTES
[1] We note that Mr. Piper's claim did not even give notice of his marital status.
[2] Section 768.28(6) provides:

An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing.