559 So.2d 71 (1990)
METROPOLITAN DADE COUNTY, Appellant,
v.
Northern COATS and Sadie Bell Coats, Appellees.
No. 89-495.
District Court of Appeal of Florida, Third District.
January 16, 1990.
As Corrected February 5, 1990.
Rehearing Denied April 20, 1990.
*72 Robert A. Ginsburg, County Atty., and Eric K. Gressman and Warren F.X. Smith, Asst. County Attys., for appellant.
Jeffrey C. Fox, North Miami, for appellees.
Before BASKIN, FERGUSON and JORGENSON, JJ.
BASKIN, Judge.
Metropolitan Dade County [Metro Dade] appeals a final judgment entered in favor of Northern Coats in a negligence action. We affirm.
Northern Coats and his wife were injured when a police vehicle struck their car. Coats and his wife sued Metropolitan Dade County for damages caused by the alleged negligence of the officer who drove the car. Attached to the complaint were purported notices of claim required by section 768.28(6), Florida Statutes. Metro Dade filed an answer denying negligence and asserting noncompliance with section 768.28(6).
Immediately prior to trial, Metro Dade moved to dismiss Mrs. Coats' claim because only Mr. Coats, and not Mrs. Coats, provided notice to the Department of Insurance in accordance with section 768.28(6), Florida Statutes (1983). The trial court withheld ruling on the motion until after opening statements, at which time it dismissed Mrs. Coats' claim. Mrs. Coats continued to sit at the plaintiffs' table but was not called as a witness. At the close of plaintiffs' case, and again at the conclusion of defendant's case, Metro Dade moved for a directed verdict on the ground that Coats had failed to comply with sections 768.28(6) and (7), Florida Statutes (1983). The trial court declined to direct a verdict, and the jury returned a verdict in favor of Mr. Coats. Upon the trial court's denial of post-trial motions and entry of final judgment, Metro Dade instituted its appeal.
Metro Dade asserts that Northern Coats failed to comply with requirements pertaining to notice and service of process in sections 768.28(6) and (7), Florida Statutes (1983); and thus, it maintains, it enjoys the protection of sovereign immunity. This contention is without merit. Although written notice to the Department of Insurance is a prerequisite to the maintenance of an action against a sovereign body, Menendez v. North Broward Hosp. Dist., 537 So.2d 89 (Fla. 1988); Levine v. Dade County School Bd., 442 So.2d 210 (Fla. 1983); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979); § 768.28(6), Fla. Stat. (1983), the statute does not prescribe any particular form for furnishing notice. As long as the notice describes the occurrence with sufficient detail to enable the Department of Insurance to investigate, it fulfills the statutory requirement. Franklin v. Department of Health & Rehabilitative Serv., 493 So.2d 17 (Fla. 5th DCA 1986); Whitney v. Marion County Hosp. Dist., 416 So.2d 500 *73 (Fla. 5th DCA 1982);[1]cf. Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla. 1987). Here, the record demonstrates that Northern Coats sent a letter to the Department of Insurance informing it not only of the pertinent details of his claim, but also of Metro Dade's denial of his claim. The letter satisfied the notice requirements of section 768.28(6), Florida Statutes (1983).[2]
As to section 768.28(7), it is undisputed that Mr. Coats failed to serve process on the Department of Insurance; however, Metro Dade failed to raise this point in a timely fashion. By neglecting to assert its defense by motion or answer, Metro Dade waived its right to advance that defense. See Fla.R.Civ.P. 1.140(h); cf. In re Forfeiture of 1978 Green Datsun Pickup, 475 So.2d 1007 (Fla. 2d DCA 1985), review denied, 486 So.2d 598 (Fla. 1986) (interpreting section 768.28(6)); City of Pembroke Pines v. Atlas, 474 So.2d 237 (Fla. 4th DCA 1985), review denied, 486 So.2d 595 (Fla. 1986) (on motion for rehearing) (interpreting section 768.28(6)); see generally City of Jacksonville Beach v. Duncan, 392 So.2d 25 (Fla. 1st DCA 1980), review denied, 399 So.2d 1141 (Fla. 1981) (interpreting section 768.28(6)); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979) (interpreting section 768.28(6)).
In addition, Metro Dade argues that the trial court erred in failing to declare a mistrial after Coats' attorney asked the officer whose car struck the Coats vehicle whether he had "had other accidents especially with the same police car." The jury heard the same information when Mr. Coats' attorney asked Shirley Coats, Coats' daughter, what the officer had said immediately after the accident. She replied that he had said that it was his second time and that he was sorry. That statement was admitted over objection as a statement against interest. Thus, any error in the court's failing to grant a mistrial when the question was posed to the officer was harmless because the information was already properly before the jury. Eichholz v. Pepo Petroleum Co., Inc., 475 So.2d 1244 (Fla. 1st DCA), review denied, 476 So.2d 673 (Fla. 1985); Detroit Marine Engineering, Inc. v. Maloy, 419 So.2d 687 (Fla. 1st DCA 1982).
Metro Dade's remaining points lack merit. Metro Dade expressly waived the issue of comparative negligence; consequently, no error appears in the trial court's refusal to instruct the jury on that defense. The trial court did not abuse its discretion in permitting Coats' daughter to testify and by refusing to permit Coats' employer to testify. Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981); Lowe v. Lodge No. 1676, Benevolent & Protective Order of the Elks, 437 So.2d 213 (Fla. 3d DCA 1983). Finally, Metro Dade failed to object to the trial court's dismissal of Mrs. Coats' case after opening statements and may not now complain of the timing of the dismissal. See Dober v. Worrell, 401 So.2d 1322 (Fla. 1981); Tieso v. Metropolitan Dade County, 426 So.2d 1156 (Fla. 3d DCA), review denied, 440 So.2d 353 (Fla. 1983); Benka v. Outerbridge, 539 So.2d 620 (Fla. 2d DCA 1989); Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984).
Affirmed.
NOTES
[1] We decline to adopt the statement of the Fifth District Court of Appeal in Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988), that Whitney was overruled by Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983), and instead hold, as did the dissent in Piper, that the issue in Whitney was not ruled on in Levine.
[2] Metro Dade pursued its assertion of noncompliance with notice requirements only as to Mrs. Coats.