596 So.2d 749 (1992)
Gayle CHANDLER, Appellant,
v.
Fred J. NOVAK, D.D.S., Mark Greenberg, D.D.S., and Isaac Garazi, D.M.D., Appellees.
Nos. 90-548, 90-976.
District Court of Appeal of Florida, Third District.
March 31, 1992.
Perse & Ginsberg and Arnold R. Ginsberg, Miami, and Samuel M. Spatzer, Coral Gables, for appellant.
*750 Womack & Bass and David C. Appleby, Miami, for appellee Novak.
Vernis & Bowling and Peter Wildman, Wolpe, Leibowitz, Berger & Brotman and Steven R. Berger, Miami, for appellee Greenberg.
Kubicki, Draper, Gallagher & McGrane and Dennis J. Murphy, Miami, for appellee Garazi.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, LEVY, GERSTEN and GODERICH, JJ.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
The November 19, 1991, opinion of the panel, as corrected, is adopted as the opinion of the en banc court. Scarlett v. Public Health Trust of Dade County, 584 So.2d 75 (Fla. 3d DCA 1991), is overruled.
Before HUBBART, FERGUSON and GODERICH, JJ.

CORRECTED OPINION
FERGUSON, Judge.
The issue presented by this appeal is whether a wife, whose medical malpractice claim is wholly derivative of her husband's claim which has been prenoticed pursuant to section 768.57, Florida Statutes (1987), must give a separate statutory prenotice within the statutory limitations period in order to join as a co-plaintiff for loss of consortium in the husband's lawsuit.
Plaintiff, Gayle Chandler, appeals from an adverse summary judgment in favor of the defendants based upon a finding that she failed to file notice of her intent to initiate litigation within the applicable two-year statute of limitations period. We reverse for the reasons set forth below.
In 1985, Clifford Chandler, appellant's husband, suffered injuries as a result of an alleged dental malpractice. Pursuant to section 768.57, Florida Statutes (1987),[1] Clifford Chandler sent to the alleged medical tortfeasors the required notice of intent to sue. No mention was made in the notice of appellant's claim for loss of consortium. Agents for the appellees subsequently denied that any medical malpractice was involved. Mr. Chandler sued the three appellees; Mrs. Chandler joined in the complaint as a derivative claimant seeking damages for loss of services and loss of consortium. After responsive pleadings were filed, the appellees moved for summary judgment as to Mrs. Chandler because the notice of intent to sue filed by the husband did not reflect any claim being made on behalf of his wife. The trial court granted the appellees' motions for summary judgment.
Section 768.57(2) states that "prior to filing an action for medical malpractice, a claimant shall notify each prospective defendant ... of intent to initiate litigation for medical malpractice." Further, section 768.57(3)(a) provides that no suit may be filed for a ninety-day period after notice is mailed to any prospective defendant, during which time the prospective defendant's insurer is to conduct a review to determine the liability of the defendant.
The clear legislative intent behind section 768.57 is to reduce the number of lawsuits by providing prospective defendants the opportunity to investigate a claim and make a settlement offer where appropriate. Solimando v. International Medical Centers, 544 So.2d 1031, 1033-34 (Fla. 2d DCA 1989) (cited with approval in Hospital Corp. of Am. v. Lindberg, 571 So.2d 446 (Fla. 1990)).
Mr. Chandler filed the required notice of intent to sue within the applicable time limitations. That notice to the alleged medical tortfeasors was sufficient to make them aware of all the facts concerning the dental malpractice claim upon which Mrs. Chandler's cause of action depended. Pursuant to the notice, the three appellees conducted an investigation and determined that there was "absolutely no medical malpractice involved in the care and treatment of" Mr. Chandler. Because the notice sent *751 by appellant's husband to the appellees described the occurrence with sufficient detail to enable the appellees to investigate, it fulfilled the statutory requirements. Metropolitan Dade County v. Coats, 559 So.2d 71 (Fla. 3d DCA), rev. denied, 569 So.2d 1279 (Fla. 1990).
Relying extensively on Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988), the appellees argue that, because Mrs. Chandler's derivative claim for loss of consortium is completely separate and distinct from the action of Mr. Clifford Chandler, she is a "claimant" under section 768.57 and must either file her own notice of intent to sue or specifically join in the notice filed by her husband. We disagree.[2]
A derivative action is not a separate and distinct action. Something that is derivative has not its origin in itself, but owes its existence to something foregoing. Black's Law Dictionary 399 (5th ed. 1979); see Gates v. Foley, 247 So.2d 40 (Fla. 1971) (wife has a derivative right to recover only if her husband has a cause of action against the same defendant). Once the appellees were put on notice of Mr. Chandler's claim, no further investigation was necessary as to his wife's claim because, as a derivative action, appellant's loss of consortium claim was completely dependent upon the husband establishing a cause of action against the appellees. Habelow v. Travelers Ins. Co., 389 So.2d 218 (Fla. 5th DCA 1980). There's no showing that the appellees were prejudiced by the lack of a separate notice letter regarding a derivative claim.
The summary judgment in favor of the appellees as to the appellant's derivative action is reversed and the cause is remanded for further consistent proceedings.
NOTES
[1] Section 768.57, Florida Statutes (1987) has subsequently been renumbered as sections 766.106(2) and 766.106(3)(a), Florida Statutes (1988 Supp.).
[2] Our holding may conflict within Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA 1988). We agree with the special concurring opinion of Judge Orfinger in Piper that Levine v. Dade County School Bd., 442 So.2d 210 (Fla. 1983), does not compel dismissal of a derivative claim where the notice given of the main claim is timely and adequate. Rather, Levine held that the failure of a plaintiff to give any notice to the Department of Insurance within the limitations period as required by section 768.28(6), Florida Statutes (1977), barred the action. In this case, the appropriate notice of the main claim was timely given.