PER CURIAM.
Anthony Butler, plaintiff below, appeals a post-trial order entering judgment in favor of defendants in a personal injury ac *284 tion. Anthony Butler, the father of Patrice Butler, made a derivative claim for loss of his child’s companionship, support, and services. The claim was asserted in a suit alleging serious injury to the daughter owing to medical malpractice. Timely notices of intent to sue were submitted on behalf of the mother and daughter under section 768.57, Florida Statutes (1987), but no notice of intent was filed on Anthony Butler’s behalf. After a jury verdict in favor of plaintiffs, on post-trial motion the trial court concluded that the absence of a separate notice of intent was fatal to Anthony Butler’s claim.
Butler contends that appellees’ objection regarding his notice of intent was not properly made below and that the issue was therefore waived. After review of the record, we conclude that the objection was not waived.
However, turning to the merits, we conclude that the post-trial ruling with respect to the notice of intent to sue must be reversed under authority of Chandler v. Novak, 596 So.2d 749 (Fla. 3d DCA 1992) (en banc). The cause is remanded for further proceedings consistent herewith.
Reversed and remanded.