608 So.2d 144 (1992)
Randolph CORNETTE, Sr., and Vicky Cornette, As Co-Personal Representatives of the Estate of Randolph Cornette, Jr., Deceased, Appellants, Cross Appellees,
v.
SPALDING & EVENFLO Companies, Inc., a Foreign Corporation, and Toys-R-Us, Inc., a Foreign Corporation, Appellees, Cross Appellants.
No. 90-3452.
District Court of Appeal of Florida, Fourth District.
November 18, 1992.
Rehearing and Rehearing Denied December 17, 1992.
Thomas R. Dye of Morgan, Lewis & Bockius, Miami, and Karen J. Haas of Law Offices of Karen J. Hass, Miami, for appellants/cross appellees.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hare, McCoy, Graham & Lane, *145 P.A., Fort Lauderdale, for appellees/cross appellants.
Rehearing and Rehearing En Banc Denied December 17, 1992.
HERSEY, Judge.
In this wrongful death action the jury returned a verdict for the defense and a motion for new trial was denied. We reverse for a new trial.
Appellants, plaintiffs below, alleged, inter alia, a cause of action sounding in strict liability. Their request for a specific instruction to the jury, which included the following language, was denied:
Further, any negligence of the user or purchaser of a product in the sense of a failure to discover a defect in a product, or to guard against the possibility of a defect's existence, is not a defense available to Spalding & Evenflo and Toys-R-Us to the claim that the crib was defective and unreasonably dangerous.
West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976), teaches that such an instruction is both appropriate and essential to an explanation of the application of strict liability under Florida law. The instructions which were given do not include language sufficient to educate the jury on these important aspects of the law of strict liability. Refusal to give the requested instruction was therefore reversible error. See Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (Fla. 1988) (failure to give requested jury instruction constitutes reversible error where complaining party establishes that requested instruction accurately states applicable law, facts in the case support giving instruction, and instruction was necessary to allow jury to properly resolve all issues in the case).
Our holding makes it unnecessary to discuss the other points raised.
Reversed and remanded with instructions to grant a new trial.
REVERSED AND REMANDED.
FARMER, J., concurs.
POLEN, J., concurs specially with opinion.
POLEN, Judge, concurring specially.
I agree with the majority opinion's conclusion that it was reversible error not to give the requested jury instruction. In the event this case will be retried, I would also reverse as to appellant's first point, that it was error not to allow appellant to introduce the photograph which purported to recreate the manner in which the infant died. To be sure, such a photograph could be seen as inflammatory as to the jurors' emotions. Nonetheless, it would be relevant to appellant's theory of the case; it would facilitate appellant's medical experts to explain their conclusions as to the cause of death, so that on the whole, its prejudicial effect would not outweigh its probative value.