PER CURIAM.
We have considered all of appellants’ points and conclude that the trial court’s failure to instruct the jury on strict liability and express warranty was harmful error. See Cornette v. Spalding & Evenflo Companies, 608 So.2d 144 (Fla. 4th DCA 1992), rev. denied, 617 So.2d 321 (Fla.1993);[1] Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (Fla.1988). Accordingly, we reverse and remand for new trial on all issues.
Another matter requires brief discussion, namely, the trial court’s permitting an expert witness to sit at counsel table throughout trial after the individual had been introduced as appellee’s corporate representative. Said individual, as reflected by the record, was neither an officer nor an employee of appellee, and section 90.616(2)(b), Florida Statutes (1991), clearly provides that in civil cases, the representative of a party that is not a natural person must be *713 an officer or employee to prevent exclusion.
GLICKSTEIN, C.J., and WARNER and FARMER, JJ., concur.

. The trial court did not have the benefit of Comette, decided after proceedings before it.