PER CURIAM.
This is an appeal questioning the propriety of a final judgment in favor of a defendant based on a directed verdict in a “slip and fall” ease. The accident occurred at a Dade County jail facility. The plaintiff was a delivery man for a purveyor. In addition, error is urged in a motion in limine ruling finding hearsay in a written statement by an inmate of the facility and the denial of a loss of consortium claim by the wife for her failure to give a notice pursuant to section 768.28(6)(a), Florida Statutes (1989), even though the husband had, in fact, given such a notice.
We reverse, finding that the plaintiff’s case should have gone before a trier of fact. Mahoney v. Burger King Corp., 600 So.2d 1252 (Fla. 3d DCA 1992); Brooks v. Phillip Watts Enterprises, Inc., 560 So.2d 339 (Fla. 1st DCA 1990); Lee v. The Southland Corp., 253 So.2d 268 (Fla. 2d DCA 1971). We find no error in the motion in limine ruling as the inmate was not an agent or employee of the defendant, and therefore the statement was inadmissible under section 90.803(18)(d), Fla.Stat. (1993) amended by 1995 Fla. Laws eh. 95-147. But we do find error in the denial of loss of consortium claim. Chandler v. Novak, 596 So.2d 749 (Fla. 3d DCA 1992). Therefore, the final judgment on the directed verdict is reversed and the matter is returned to the trial court for further proceedings consistent with this opinion.
Reversed and remanded with directions.