688 So.2d 311 (1996)
METROPOLITAN DADE COUNTY, etc., Petitioner,
v.
Orlando REYES, et al., Respondents.
No. 86911.
Supreme Court of Florida.
December 19, 1996.
Rehearing Denied February 20, 1997.
Robert A. Ginsburg, Dade County Attorney; and Thomas A. Tucker Ronzetti, Jason Bloch and Evan Grob, Assistant County Attorneys, Miami, for Petitioner.
Arnold R. Ginsberg, P.A. and Richard B. Burke and Todd R. Schwartz, Miami, for Respondent.
OVERTON, Justice.
We have for review Reyes v. Metropolitan Dade County, 661 So.2d 98 (Fla. 3d DCA 1995), which expressly and directly conflicts with Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla.1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We must address whether a spouse's derivative loss-of-consortium claim requires a separate or distinct notice pursuant to the provisions of section 768.28(6)(a), Florida Statutes (1989). We find that a separate or distinct notice is required.
The record reflects the following. Orlando Reyes slipped and fell at a Dade County jail facility on December 5, 1989. Reyes was a delivery man for a purveyor. By letter dated August 6, 1990, Reyes served notice on the Board of County Commissioners of Metropolitan Dade County, the Department of Risk Management, and the Insurance Commissioner's Office that he intended to pursue recourse for the injuries he incurred. The notice provided, in relevant part, the following:
Please be advised that this firm has been retained by Orlando Reyes to represent him for injuries and trauma suffered as he slipped and fell on a greasy floor in the loading dock of the TCK Correctional Center on December 5, 1989.
Please allow this letter to serve as formal notice pursuant to Florida Statute 768.28(6) of our intention to proceed against you and your insurance carrier for the injuries incurred.
On May 14, 1991, Reyes filed a lawsuit against Metropolitan Dade County in the *312 Eleventh Judicial Circuit Court. Reyes' wife, Beatriz Reyes, joined the suit, claiming loss of consortium.
On June 24, 1994, the trial court entered a directed verdict and final judgment in favor of the defendant, Metropolitan Dade County, as to Orlando Reyes' claim.[1] The court also entered a directed verdict in favor of Metropolitan Dade County as to Beatriz Reyes' loss-of-consortium claim based upon her failure to give the statutory notice required by section 768.28(6)(a).
The directed verdicts were appealed. The Third District Court of Appeal reversed. As to Mr. Reyes' claim, the district court found that the case should have gone before a jury. It then held that the trial court also erred in directing a verdict for Metropolitan Dade County on Mrs. Reyes' claim. The district court based this decision on its previous opinion in Chandler v. Novak, 596 So.2d 749 (Fla. 3d DCA 1992). The issue there was
whether a wife, whose medical malpractice claim is wholly derivative of her husband's claim which has been prenoticed pursuant to section 768.57, Florida Statutes (1987), must give separate statutory prenotice within the statutory limitations period in order to join as a co-plaintiff for loss of consortium in the husband's lawsuit.
Id. at 750. The Chandler court concluded that the wife was not required to give separate notice of her derivative claim. It wrote:
A derivative action is not a separate and distinct action. Something that is derivative has not its origin in itself, but owes its existence to something foregoing. Black's Law Dictionary 399 (5th ed. 1979); see Gates v. Foley, 247 So.2d 40 (Fla.1971) (wife has derivative right to recover only if her husband has a cause of action against the same defendant). Once the appellees were put on notice of Mr. Chandler's claim, no further investigation was necessary as to his wife's claim because, as a derivative action, appellant's loss of consortium claim was completely dependent upon the husband establishing a cause of action against the appellees. Habelow v. Travelers Ins. Co., 389 So.2d 218 (Fla. 5th DCA 1980). There's no showing that the appellees were prejudiced by the lack of a separate notice letter regarding the derivative claim.
Id. at 751. The district court relied upon this reasoning to reverse the directed verdict as to Mrs. Reyes' claim.
Metropolitan Dade County petitioned this Court to review the case because of direct conflict between two cases from different districts. Specifically, it claimed that the district court's opinion creates conflict with the Fifth District Court of Appeal's decision in Piper. In that case, the district court addressed a situation in which a wife failed to provide notice of her loss-of-consortium claim. The district court concluded:
Florida case law recognizes that loss of consortium is a separate cause of action belonging to the spouse of the injured married partner, and though derivative in the sense of being occasioned by injury to the spouse, it is a direct injury to the spouse who has lost the consortium. Busby v. Winn & Lovett Miami, Inc., 80 So.2d 675 (Fla.1955); see also Ryter v. Brennan, 291 So.2d 55 (Fla. 1st DCA), cert. denied, 297 So.2d 836 (Fla.1974); Resmondo v. International Builders of Fla., Inc., 265 So.2d 72 (Fla. 1st DCA 1972) (both cases holding that husband's release did not abate wife's cause of action for loss of consortium, which was a property right in her own name); but see Gates v. Foley, 247 So.2d 40 (Fla.1971) (termination of husband's cause of action because of adverse judgment on the merits should bar wife's cause of action for loss of consortium). Therefore, the filing of the required notice by William Piper did not serve as the required notice for Kathryn, nor did it excuse the necessity for her filing a notice of her loss of consortium claim.
Piper, 523 So.2d at 198.
We hold that the applicable statute in this case requires an analysis such as that recited from Piper above. That statute, section 768.28(6)(a), reads:

*313 An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Spaceport Florida Authority, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing
. . . .
In interpreting legislative waivers of sovereign immunity, we have repeatedly stated that we must strictly construe such waivers. Menendez v. North Broward Hosp. Dist., 537 So.2d 89, 91 (Fla.1988); Levine v. Dade County Sch. Bd., 442 So.2d 210, 212 (Fla. 1983); Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla.1978). The plain language of section 768.28(6)(a) clearly indicates that each claimant must give the proper notice. The purpose of the notice requirement is to give the appropriate public bodies an opportunity to investigate all claims. Metropolitan Dade County was denied such an opportunity in this case. For instance, Mr. Reyes' notice did not even indicate his marital status. Even if it had indicated that status, moreover, there is no strict rule that all spouses of injured persons qualify for a loss of consortium award. Propst v. Neily, 467 So.2d 398, 399 (Fla. 4th DCA 1985); Albritton v. State Farm Mut. Auto. Ins. Co., 382 So.2d 1267, 1268 (Fla. 2d DCA 1980). Indeed, the Albritton court wrote:
Although it is the rule that the wife's derivative claim is barred where the husband's cause of action has been terminated by an adverse judgment on the merits, the converse is not necessarily the case. When a jury finds, as in the instant case, that a husband has sustained injuries due to the negligence of a third party, the wife must present competent testimony concerning the impact which the accident had on the marital relationship and, more specifically, evidence concerning her loss of consortium.
Id. (footnote omitted). There are, consequently, valid investigatory reasons for requiring that notice be given of all claims "against the state or one of its agencies or subdivisions." Accordingly, we agree with the Piper court that a loss-of-consortium claim must be so noticed.
For the reasons expressed, we quash the district court decision insofar as it holds that section 768.28(6)(a) does not require notice of derivative claims. We need not disapprove the Chandler decision because it involved a different statute. We note that the statute requiring notice in the Chandler case did not waive sovereign immunity and, therefore, was not subject to the same type of construction as we must accord section 768.28(6)(a). Finally, we refuse to address Metropolitan Dade County's invited error claim. We remand with directions that the trial court's judgment dismissing the derivative claim be affirmed.
It is so ordered.
SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The directed verdict as to Orlando Reyes' claim was "based upon the proffers as represented and the depositions."