GREEN, J.
Fannie Morhaim and her husband, Jose, appeal a final summary judgment which dismissed their personal injury action against the State of Florida, Department of Transportation (“DOT”) for their failure to provide adequate statutory notice of their claims to the Department of Insurance (“DOI”) prior to instituting suit pursuant to section 768.28(6)(a), Florida Statutes (1993). We affirm the summary judgment entered below as to Jose Mor-haim where the undisputed record evidence reveals that he never provided notice of his derivative claim to the DOT as required. However, we reverse the summary judgment as to Fannie Morhaim and remand with directions that summary judgment be entered in her favor on this notice issue.
On October 10, 1993, Fannie Morhaim was injured in an automobile accident which occurred on a bridge in Miami Beach. The Morhaims believed that Fannie’s personal injuries and Jose’s derivative injuries were caused in whole or in part by sovereign negligence, thus, they sent a notice letter to the DOI on February 21, 1994. At the time, the Morhaims believed that Dade County was the sovereign in charge of the bridge and accordingly, their notice letter to the DOI indicated that they were making a claim against Dade County.[1] After sending this letter to the DOI, however, the Morhaims learned that the subject bridge was within the control of the DOT rather than Dade County. Accordingly, on September 29, 1995, and within three years of the accident, Fannie Morhaim, by and through counsel sent her notice letter to the DOT.[2] *1236 Jose Morhaim failed to join in this notice letter or send a separate notice letter to the DOT. No further notice was ever thereafter sent to the DOI by either of the Morhaims.
On December 15, 1995, the DOT acknowledged receipt of Fannie Morhaim’s notice letter dated September 28, 1995 and requested further information from her regarding the bridge and the extent of her damages. On that same date, the DOT, by inter-office memorandum, directed its regional legal counsel to conduct an extensive investigation of Fannie Morhaim’s claim and the bridge in question and sent a copy of this memorandum as well as a copy of Fannie Morhaim’s September 28, 1995, notice letter to the DOI. In response to the DOT’s request, Fannie Morhaim, through counsel, forwarded a copy of the police report and engineer’s report to the DOT in a letter dated May 9, 1996. Finally, in a letter dated August 21, 1996, the DOT advised Fannie Morhaim that it was denying her claim because its investigation had failed to substantiate a hazard or any negligence attributable to the DOT.[3]
Thereafter, the Morhaims filed this personal injury action against the DOT alleging that the DOT’s negligence caused Fannie’s personal injuries and Jose’s derivative injuries. As an affirmative defense, the DOT asserted that the Mor-haims had failed to comply with section 768.28(6)(a) by not properly notifying the DOI of their claims within three years of the date of the accrual of their claims against the DOT. Thereafter, the Mor-haims moved for summary judgment on this affirmative defense and at the hearing, the DOT, ore tenus, cross-moved for summary judgment in its favor on this issue.[4] The trial court denied the Mor-haims’ motion for summary judgment and granted the DOT’s motion finding that the Morhaims had failed to provide written notice to the DOI for their claims against the DOT within three years after the accrual of their claim pursuant to section 768.28(6)(a). The court specifically found that, although the DOI had received a copy of Fannie Morhaim’s claim against the DOT from the DOT within three years of the accrual or her claim, the DOI had not pursued any investigation of the claim or taken any action which would have led her to conclude that formal notice under section 768.28(6)(a) was either unnecessary or waived.
Section 768.28(6)(a) precludes any action from being instituted on a claim against the state or one of its agencies or subdivisions unless the claimant has presented a written claim both to the appropriate agency and the DOI within 3 years after the claim accrues and the DOI or the appropriate agency denies the claim in *1237 writing.[5] Because section 768.28(6) is part of a statutory waiver of sovereign immunity, there must be strict compliance with its requirements. See Levine v. Dade County Sch. Bd., 442 So.2d 210 (Fla.1983). Thus, in first addressing the summary judgment as it pertains to Jose Morhaim, we conclude that his derivative claim is barred because he failed to ever provide notice to the DOT of his claim. The law is clearly established that each spouse must provide notice to the agency in which he or she is suing in order to preserve their claim under the sovereign immunity statute. See Metropolitan Dade County v. Reyes, 688 So.2d 311, 313 (Fla.1996); see also Orange County v. Piper, 523 So.2d 196, 197-98 (Fla. 5th DCA 1988) (wife’s failure to file loss of consortium claim with county warranted dismissal). It is undisputed that all correspondences to and from the DOT listed only Fannie Morhaim as the client and claimant. Since Mr. Morhaim did not give the DOT notice of his claim within the requisite time period, he is barred from asserting a claim. We therefore affirm the summary judgment as to Jose Morhaim.
We now turn our attention to the summary judgment as it pertains to the claims made by Fannie Morhaim. The DOT asserts that the DOI was not given adequate notice of Fannie Morhaim’s claim against the DOI where her only notice to the DOI cited Dade County rather than the DOT as the agency responsible for her injuries. The DOT further argues that, given the strict adherence to the provisions of section 768.28(6)(a) that is required of all claimants under Levine, as well as our holding in Lopez v. Prager, 625 So.2d 1240 (Fla. 3d DCA 1993), that a notice of intent to sue the State of Florida or HRS was not equivalent to a notice of intent to sue Dade County, summary judgment was appropriately entered. We disagree as we find Levine and Lopez to be factually distinguishable from this case.
Factually, Levine involved a situation where the claimant provided the requisite notice to the state agency but failed to provide any notice whatsoever to the DOI within three years of the accrual of the claim. In the absence of any notice to the DOI, within the prescribed time, the supreme court held that the claimant/plaintiff could not maintain the action against the responsible state - agency, notwithstanding the fact that the DOI otherwise had no direct interest or role in the proceeding. In this case, unlike Levine, the DOI was presented with a timely notice of the claim from the appellants although it mistakenly misidentified the responsible agency. The DOT, nevertheless, then asserts that under our Lopez decision, the appellants’ notice to the DOI of their claim against Dade County was insufficient notice of then-claim to proceed against the DOT. This would be true but for the additional fact that in this case, unlike Lopez, the DOI ultimately received a copy of Fannie Mor-haim’s corrected notice of claim identifying the DOT as the responsible agency party from the DOT within the three year time period. We think that the DOI’s timely receipt of Fannie Morhaim’s corrected notice of claim dated September 26, 1995 identifying the DOT as the responsible agency for her injuries was sufficient to preserve her rights to file the instant suit against the DOT. Accordingly, we reverse the summary judgment entered in favor of the DOT as to Fannie Morhaim and remand with instructions that summary judgment be entered in favor of Fannie Morhaim on this notice issue.
Based upon the foregoing, we affirm the summary judgment as to Jose Morhaim and reverse the summary judgment and *1238 remand with directions as to Fannie Mor-haim.

. February 21, 1994
Department of Insurance
State of Florida
The Capitol
Tallahassee, FL
Re: Our Client: Emilio & Fortuna Suster & Jose & Fannie Morhaim
D/Accident: 10/10/93
Location: Bridge Eastbound on Sunny Isles Blvd. 500 Block Miami Beach, Florida
Gentlemen:
Please be advised that we are making a claim against the Dade County, for injuries sustained by our client on the above-mentioned date.
This notice is made pursuant to F.S. 768.28. Very truly yours,
Gregg Pessin

. September 28, 1995
Certified Mail
P 061 610 830
Department of Transportation
601 Suwannee Street
Tallahassee, Florida
RE: Our Client: Fannie Morhaim
D/Accident: 10/10/93
Location: Bridge Eastbound on Sunny Isles Blvd. 500 Block, Miami Beach, Florida
Gentlemen:
In accordance with Florida Statute § 768.28, please be advised that this law firm represents Fannie Morhaim, in a direct claim for injuries and other damages sustained as a result of an accident which was legally caused by the negligence of Department of Transportation.
As a direct and proximate result of the above described accident, out client sustained serious and permanent injuries that will require extensive present and future medical care and treatment, as well as result in significant reduction in her ability to earn money and to enjoy life.
This notice is for purposes of providing you with information regarding these different claims. You are advised that you have six (6) months to conduct and complete you [sic] investigation and make a final disposition as to these claims. If at the expiration of this six *1236 month period, you have not yet responded to this claim, then this client is legally entitled to receive [illegible] jurisdiction.
PLEASE GOVERN YOURSELVES ACCORDINGLY
Very truly yours,
Guillermo Sostchin, Esq.
GS:cg

. August 21, 1996
Guillermo Sostchin, Esquire
Sostchin & Pessin, P.A.
291 S.W. 27th Avenue, Second Floor Miami, Florida 33135
RE: Claimant: Fannie Morhaim
Date of Accident: October 10, 1993
County: Dade
DOT File No.: GL 25286
Dear Mr. Sostchin:
Reference your letter of June 18, 1996.
Our investigation into this accident is now complete and we failed to find any material fact or documentary evidence to substantiate a hazard or any negligence that can be attributed to this Department.
Signs are not required on opposite sides of bridge. The existing traffic control devices were adequate and met all State and Federal guide lines.
While we sincerely regret this unfortunate accident, we are respectfully denying this claim.
Very truly,
Annette Rogers
Investigations Supervisor
Office of the General Counsel
(904) 488-6212

. The appellants waived the procedural formalities for the DOT’s cross-motion for summary judgment.

. The statute provides in relevant part that:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency and also, ... presents such claim in writing to the Department of Insurance within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing;