452 So.2d 568 (1984)
WATSON REALTY CORPORATION, a Florida Corporation; Terri Murphy; Claude B. McCranie, Jr.; Delores McCranie, Petitioners,
v.
Thomas F. QUINN and Nancy A. Quinn, His Wife, Respondents.
No. 64191.
Supreme Court of Florida.
June 28, 1984.
*569 Robert F. Spohrer and Norwood S. Wilner, Jacksonville, for petitioners.
Simon D. Rothstein of Adams, Rothstein & Siegel, Jacksonville, for respondents.
PER CURIAM.
Petitioners seek review of Watson Realty Corp. v. Quinn, 435 So.2d 950 (Fla. 1st DCA 1983) on the ground of conflict with Canal Authority v. Ocala Manufacturing, Ice and Packing Co., 332 So.2d 321 (Fla. 1976). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This case presents a question of law as to whether, in an action for fraud, the required standard of proof is the "greater weight" of the evidence or "clear and convincing" evidence. The district court held that the standard was the greater weight, distinguishing language to the contrary in Canal Authority as obiter dicta. We agree. The correct statement of the law is in Rigot v. Bucci, 245 So.2d 51 (Fla. 1971), where we explicitly addressed this question and receded from earlier case law holding that clear and convincing evidence was the correct standard. Blaeser Development Corp. v. First Federal Savings and Loan Association, 375 So.2d 1118 (Fla. 4th DCA 1979). We accept jurisdiction in order to recede from the obiter dicta in Canal Authority.
The decision of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.