456 So.2d 561 (1984)
Lee WHACK, Etc., et al., Appellant,
v.
SEMINOLE MEMORIAL HOSPITAL, INC., Etc., et al., Appellees.
No. 83-883.
District Court of Appeal of Florida, Fifth District.
September 27, 1984.
*562 James T. Golden, Sanford, for appellant.
Martin B. Unger of Swann & Haddock, P.A., Orlando, for appellees Dr. Roberts, Dr. Phillips and Drs. Roberts and Phillips, a Partnership.
R. Barry Morgan of Adams, Hill & Fulford, Orlando, for appellee Seminole Memorial Hosp.
G.B. McVay Voght of Pitts, Eubanks & Ross, P.A., Orlando, for appellee Thomas Richards, C.R.N.A.
STROKER, R.J., Associate Judge.
This is an appeal from a final order dismissing appellant's second amended complaint as to defendant's W. Vincent Roberts, M.D., and Stephen R. Phillips, M.D., d/b/a A Partnership, and the entry of a summary final judgment in favor of defendant Thomas Richards, C.R.N.A. and Seminole Memorial Hospital. Appellant contends that the trial court erred in dismissing the complaint and in denying a motion to reconsider or vacate the dismissal, and in entering a summary final judgment in favor of Richards and Seminole. We affirm the order of dismissal as to defendants Roberts and Phillips, d/b/a A Partnership, but reverse the summary final judgment in favor of Richards and Seminole.
The appellant's/plaintiff's decedent, Sylvia Whack, died on November 12, 1979, while undergoing a caesarian section at Seminole Memorial Hospital. Appellant, Lee Whack, as personal representative of the decedent, filed a complaint against Seminole Memorial Hospital, W. Vincent Roberts, M.D., Stephen R. Phillips, M.D. d/b/a A Partnership, and Thomas Richards, C.R.N.A., on November 18, 1981, two years and six days after the death of Ms. Whack. The complaint alleged that all defendants were negligent and the doctors involved committed medical malpractice in handling the decedent.
Appellees Roberts and Phillips filed a motion to dismiss asserting (1) the cause of action was barred by the applicable statute of limitation, Section 95.11, Florida Statutes; (2) the complaint failed to state a cause of action; and (3) the complaint failed to comply with Section 768.45, Florida Statutes. Appellee Seminole Hospital filed its motion to dismiss and subsequent amendment alleging in part that appellant has failed to comply with the notice provision of Section 768.28(6), Florida Statutes. On March 17, 1982, Judge Davis dismissed the complaint, allowing twenty (20) days to file an amended complaint. The order of dismissal stated that the complaint failed to state a cause of action in compliance with Section 768.45, Florida Statutes, against defendants, Roberts, Phillips and Richards. The order further denied defendants' motions to dismiss based upon the expiration of the statute of limitation but did so without prejudice so this argument would be preserved for any subsequent motions for summary judgment which might be made.
At the end of the twenty (20) day period, appellant had not filed an amended complaint. On April 13, 1982, appellant filed a motion for an extension of time. This motion was granted and appellant filed his first amended complaint April 30, 1982. This amended complaint alleged that the defendants were negligent in failing to take precautions to protect the decedent; were negligent in performing the surgery; and failed to provide adequate emergency *563 treatment. The causes of action were grounded upon wrongful death, negligence and medical malpractice. Appellees again filed their respective motions to dismiss which again raised as a defense the running of the statute of limitation. Appellees Roberts and Phillips filed a motion to compel discovery on May 12, 1982, which alleged appellant failed to answer interrogatories and failed to comply with their request to produce for inspection certain documents which were served on appellant December 11, 1981.
On May 25, 1982, a hearing was held on all pending motions. At this hearing, Judge Davis, sua sponte, gave notice of his intention to recuse himself because he knew one of the defendants (Roberts). Appellant indicated that he would comply with the court's request that he answer the interrogatories submitted by Roberts and Phillips. The judge orally ordered that compliance must occur by July 1, 1982.
On June 3, 1982, Judge Davis entered an order of recusal which stated that he would not be involved further in the handling of the case. However, on June 10, 1982, Judge Davis issued an order on all pending motions which was entered nunc pro tunc May 25, 1982. This order granted the motions to dismiss filed by Roberts and Phillips, as well as the one filed by Richards. Appellant was given twenty (20) days to file a second amended complaint. The order also granted Roberts' and Phillips' Motion to Compel Discovery requiring answers to the propounded interrogatories to be filed by July 1, 1982.
Appellant again failed to file a second amended complaint within the twenty day period. Defendants moved for judgment. Appellant then filed a motion to vacate the order of June 10, 1982, and filed a reply to the appellees' respective motions. Following an order of reassignment, Judge Salfi permitted the late filing of Appellant's Second Amended Complaint and gave defendants twenty days to file their responsive pleadings.
Roberts and Phillips served a motion for imposition of sanctions on October 21, 1982, based upon the June 10th order and appellant's subsequent failure to comply with its mandate. On November 17, 1982, the court granted Roberts' and Phillips' motion and imposed the sanction of involuntary dismissal of appellant's second amended complaint. On November 30, 1982, appellant served a motion for reconsideration of the order of dismissal, citing in part the fact that the court never disposed of his motion to vacate pending since June 18, 1982.
Appellees Richards and Seminole Hospital filed respective motions for summary judgment which alleged that appellant's action for wrongful death was barred by the statute of limitation delineated in Section 95.11(4)(d), Florida Statutes (1979). Roberts and Phillips also filed a motion for summary judgment alleging that both the actions for wrongful death and for medical malpractice are barred by Sections 95.11(4)(b) and (4)(d), Florida Statutes.
On May 11, 1983, Judge Salfi issued an "Opinion and Decision" which denied Appellant's Motion for Reconsideration on the grounds that Judge Davis' order of June 10, 1982 (entered nunc pro tunc May 25, 1982) was valid. The court also granted Seminole Hospital's and Richards' Motions for Summary Judgment. Final Summary Judgment was entered for both parties.
First we address the issue of appellant's failure to comply with the court's order compelling answer to interrogatories. Appellant submits that Judge Davis' order was void because it was entered after the judge recused himself from the case. In addition, appellant argues that the sanction of dismissal was an abuse of the trial court's discretion because the failure to provide interrogatories was caused by excusable neglect. Both contentions are without merit.
An order entered nunc pro tunc means "now for then" and refers to a judicial act which memorializes a previously taken judicial act. When applied to the entry of a legal order, it normally refers, not to a new or de novo decision, but to the *564 trial judge's previous action of which there is not a sufficient record. See Briseno v. Perry, 417 So.2d 813 (Fla. 5th DCA 1982); Luhrs v. State, 394 So.2d 137 (Fla. 5th DCA 1981).
In the case sub judice, the nunc pro tunc order dated June 10, 1982, was not a de novo decision following recusal but instead represented only the ministerial act of making a record of the previously entered oral pronouncement of May 25, 1982. At the time the oral pronouncement was made, the court did have the authority to enter the order. Entering the order of recusal did not absolve the court of jurisdiction for those acts taken prior to recusal, nor did recusal result in making those orders previously entered void. Consequently, Judge Davis' order issued June 10, 1982, entered nunc pro tunc May 25, 1982, was valid and properly provided a basis for the court's finding that sanctions should be imposed for failure to answer interrogatories propounded by appellees.
Appellant's contention that the sanction of dismissal was an abuse of the trial court's discretion is also without merit. The record clearly shows that appellant's counsel acted with willful disregard of the court's authority and gross indifference to an order of the court. Appellant made no showing that he either attempted to comply with the discovery order or communicated any explanation or excuse to the court by the time of the hearing. Therefore, there was no abuse of discretion in imposing the sanction of dismissal. See Kyle v. McFadden, 443 So.2d 497 (Fla. 1st DCA 1984); Mercer v. Raine, 443 So.2d 944 (Fla. 1983) rehearing denied February 9, 1984. Consequently, the order of dismissal of the claims against Roberts and Phillips, and the denial of Appellant's Motion for Reconsideration are hereby affirmed.
We now address the trial court's order granting summary judgments in favor of appellees Richards and Seminole Hospital which were granted on the basis of the expiration of a two year statute of limitation. Section 95.11(4)(b), Florida Statutes, provides:
An action for medical malpractice shall be commenced within two years from the time the incident occurred giving rise to the action, or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence, provided however, that in no event shall the action be commenced later than four years from the date of the incident or occurrence out of which the cause of action accrued. (emphasis added).
Also included within the two year statute of limitation is an action for wrongful death. See § 95.11(4)(d), Fla. Stat.
Appellant raises for the first time on appeal that Seminole Hospital is a public hospital and therefore pursuant to Section 768.28, Florida Statutes, a four year statute of limitations should apply. Since appellee Seminole Hospital twice averred in its pleadings that it was a public entity the four year statute of limitations would apply. The summary judgment in favor of Seminole Hospital is reversed and remanded.
Paragraphs seven through twelve of the second amended complaint contain allegations of medical malpractice on the part of appellee Richards. Appellant alleged below and on appeal that he could not have discovered the alleged malpractice until furnished with the autopsy report containing specific physical findings and conclusions concerning cause of death. Appellees' motions for summary judgment were accompanied by an affidavit from a pathologist who indicated that the autopsy report contained nothing which would indicate any medical malpractice occurred. However, appellant countered with an affidavit from a Dr. Ruffalo which stated that the autopsy report was not consistent with the pathologist's diagnosis. This raises a question of fact concerning the cause of death and the existence of malpractice. It is clear that the appellant could not have discovered this question without the autopsy report.
*565 Appellant did file suit within two years of his receipt of the autopsy report. The summary judgment in favor of appellee Richards is also reversed and remanded for further proceedings in accord with this order.
AFFIRMED in part, REVERSED in part.
ORFINGER and COWART, JJ., concur.