PER CURIAM.
Appellants filed a medical malpractice action against various health care providers and, at a subsequent date, added as a defendant the appellee, an agency of the State of Florida. The trial court entered summary judgment in favor of appellee on the holding that the claim against it was barred by the statute of repose contained in section 95.11(4)(b), Florida Statutes (1979), citing this court’s decision in Carr v. Broward County, 505 So.2d 568 (Fla. 4th DCA 1987).
The issue here is whether, prior to October 1, 1988,[1] an action for medical malpractice against a state agency for which sovereign immunity has been waived pursuant to section 768.28, Florida Statutes (1979) must be commenced within the four year statute of repose contained in section 95.11(4)(b), Florida Statutes. Although in the Carr case, supra, this court did apply the statute of repose of section 95.11(4)(b) Florida Statutes to a malpractice action against this same appellee, a review of that decision and the briefs filed by the parties to that case shows that this issue was neither presented to nor considered by the court.
Appellee was subject to suit only by virtue of the waiver of sovereign immunity contained in section 768.28 Florida Statutes. Several cases involving medical malpractice actions against a state agency have held that the appropriate statute of limitations is the four-year statute contained in section 768.28 Florida Statutes, and not the two-year statute found in section 95.11(4)(b) Florida Statutes. See Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982); Whack v. Seminole Memorial Hospital, Inc. 456 So.2d 561 (Fla. 5th DCA 1984); Public Health Trust v. Knuck, 495 So.2d 834 (Fla. 3d DCA 1986). While those cases did not involve the statute of repose, it would be illogical and inconsistent with the rationale of the holding in those cases to suggest that while the statute of limitations contained in section 95.11(4)(b) Florida Statutes did not apply, the statute of repose contained therein would.
We think dispositive of the issue here is the recent decision of the Third District Court of Appeal in the case of Menendez v. Public Health Trust of Dade County, Florida, 566 So.2d 279 (Fla. 3d DCA 1990) which held the trial court in error for applying the four year statute of repose contained in section 95.11(4)(b) Florida Statutes in bar of a medical malpractice action against Jackson Memorial Hospital (a state agency), the court stating, at page 282:
Section 768.28(11), Florida Statutes (sup. 1980) which provides a four-year limitation without a period of repose for the filing of a negligence action against a state agency, is the appropriate statute of limitations in negligence actions against Jackson....
We conclude that it was error for the trial court to hold appellants’ claim against appellee barred by the four-year statute of repose in section 95.11(4)(b) Florida Statues. The remaining issues raised by appellants were not considered by the trial court and are premature for determination by this court. The summary judgment in favor of appellee is reversed and this cause remanded for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
ANSTEAD, STONE, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. Section 2 of Chapter 88-173, Laws of Florida 1988, which became effective October 1, 1988, amended section 768.28(12) Florida Statues (formerly 768.28(11)) to specifically provide that an action against the state or one of its agencies for damages arising from medical malpractice must be commenced within the time limitations contained in section 95.11(4) Florida Statutes.