584 So.2d 567 (1991)
PUBLIC HEALTH TRUST OF DADE COUNTY, Florida, etc., Petitioner,
v.
Magda MENENDEZ, et al., Respondents.
No. 76778.
Supreme Court of Florida.
August 15, 1991.
*568 Aurora Ares and Calvin F. David of Thornton, David, Murray, Richard & Davis, Miami, for petitioner.
Orlando R. Ruiz and George W. Chesrow of the Law Offices of Ruiz & Chesrow, Coral Gables, for respondents.
KOGAN, Judge.
We have for review Menendez v. Public Health Trust, 566 So.2d 279 (Fla. 3d DCA 1990), based on conflict with Carr v. Broward County, 541 So.2d 92 (Fla. 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On July 18, 1981, the doctors at Jackson Memorial Hospital performed a caesarean delivery of Magda Menendez' baby, Adaris Menendez. When the baby was born, Magda was told that the baby was delivered "without complications" and was born in "good condition," even though she had to be ventilated and had low "apgar scores."
In April 1982, Magda Menendez was told by a doctor at the University of Miami that Adaris had cerebral palsy and congenital brain damage. In January of 1984, a physical therapist, who had not reviewed any of the medical records from Jackson, told Magda that Adaris' brain damage might have been caused by the doctor's decision to delay delivery.
On September 30, 1985, more than four years after the delivery of the child, the Menendezes filed a complaint against the Public Health Trust of Dade County (PHT), which operates Jackson, together with other defendants. The defendants moved for a dismissal of the cause on grounds that the four-year statute of repose contained in section 95.11(4)(b), Florida Statutes (Supp. 1980), barred the action as untimely. That statute provides in pertinent part:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.
§ 95.11(4)(b), Fla. Stat. (Supp. 1980). Thus, under this statute a two-year limitation begins on the date of actual or constructive discovery; but there also is a "repose" period that bars any and all claims brought more than four years after the actual incident, even for acts of negligence that could not reasonably have been discovered within this period of time.[1] PHT thus asserted that the complaint should be dismissed.
The Menendezes countered that chapter 95 was not applicable to the case at hand. They noted that chapter 95 as it existed during the relevant periods of time expressly *569 stated that, if a separate statute provided its own period of limitation for the bringing of an action, then that limitation would apply notwithstanding chapter 95:
A civil action or proceeding ... shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.

§ 95.011, Fla. Stat. (1979) (emphasis added). The Menendezes contended that PHT is a governmental entity subject to the waiver of sovereign immunity and related statutes contained in chapter 768, Florida Statutes (Supplement 1980), which provided their own limitation periods:
Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues.

§ 768.28(11), Fla. Stat. (Supp. 1980). This statute contains no period of repose, unlike section 95.11.
The trial court held in favor of PHT and ordered the complaint dismissed as time-barred. On appeal, however, the third district reversed. The district court concluded that section 768.28(11) was the applicable statute and that the trial court had applied the wrong period of limitation. Menendez, 566 So.2d at 281-82. This is a conclusion supported by a number of analogous cases in the district courts. E.g., Lewis v. North Broward Hosp. Dist., 574 So.2d 318 (Fla. 4th DCA 1991); Whack v. Seminole Memorial Hosp., Inc., 456 So.2d 561 (Fla. 5th DCA 1984); Whitney v. Marion County Hosp. Dist., 416 So.2d 500 (Fla. 5th DCA 1982).
We begin by noting the somewhat unusual nature of the conflict between the opinion under review and Carr. In Carr, this Court did not address the question of whether the period of limitation in section 768.28(11) should prevail over that contained in section 95.11(4)(b) for medical malpractice actions against governmental hospitals. Rather, our opinion in Carr dealt solely with the constitutionality of the latter statute. Thus, the opinion under review and Carr are factually distinguishable. Jurisdiction exists, however, because our opinion in Carr reasonably may be read as a broad statement that section 95.11(4)(b) should apply to malpractice actions against governmental hospitals. See Carr, 541 So.2d at 95. Since we find that such a conclusion would not be a correct statement of the law applicable to this case, we have accepted jurisdiction to resolve the conflict created by our broad statements in Carr.
Turning now to the matters not directly addressed in Carr, we find that the legislative statement contained in section 95.011, Florida Statutes (1979), is dispositive of this case. That statute clearly provides that the periods of time provided in chapter 95 do not apply if a different period is provided elsewhere in the statutes. Section 768.28(11), Florida Statutes (Supp. 1980), provides its own period of time. Thus, section 768.28(11) is the statute applicable to this case.
We are aware of PHT's argument that section 768.28(11) contains no statute of repose and that the repose period contained in section 95.11 thus should apply. However, we find nothing in section 95.011 that makes a distinction between "statutes of limitation" and "statutes of repose." The statute does not even use these two terms, but rather refers only to the "time prescribed" to bring a suit. Moreover, the language of section 95.011 is plain: If a different statute prescribes a different time, then the periods of time in chapter 95 have no applicability. The fact that section 768.28(11) provides a statute of limitation but not a statute of repose thus means that no repose period was intended.
We also note that this clearly is the understanding the Florida Legislature attached to the relevant law at the time it amended these same statutes in 1988. A staff summary attached to these amendments endorsed the view that, under the then-existing law, section 768.28(11) applies to medical malpractice actions against governmental *570 hospitals and section 95.11(4) does not. While this same legislation was meant to reverse this state of affairs, it is equally obvious that the legislature did not intend this change to be retroactive or to constitute a clarification of legislative intent. Indeed, the staff summary makes the following relevant statement:
In not specifying which actions this legislation is intended to address, it may be presumed that it would apply only to malpractice incidents occurring after the effective date of the act [on October 1, 1988].
Staff of Fla.H.R.Comm. on Judiciary, CS/HB 0750, at 4 (1988) (May 5, 1988) (on file with Committee).
In light of the foregoing statutes and legislative history, we find that our opinion in Carr must be limited solely to its holding that section 95.11(4)(b), Florida Statutes (1975), is constitutional. We recede from Carr to the extent it suggests that section 95.11(4)(b) provides the applicable statute of limitation in medical malpractice actions brought against governmental hospitals before October 1, 1988. Clearly, the applicable statute for such actions is contained in section 768.28. We note, however, that this holding is not applicable to causes of action arising after the applicable statutes were changed on October 1, 1988. Ch. 88-173, § 2, at 974-75, Laws of Fla. (codified at § 768.28(12), Fla. Stat. (1989)). The opinion under review is approved[2] and this cause is remanded for further action consistent with the views expressed here.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
NOTES
[1] However, the statute does provide for the limitations to be extended somewhat in cases involving fraud, concealment, or intentional misrepresentations of fact. § 95.11(4)(b), Fla. Stat. (Supp. 1980).
[2] We also approve the results reached in Lewis v. North Broward Hospital District, 574 So.2d 318 (Fla. 4th DCA 1991); Whack v. Seminole Memorial Hospital, Inc., 456 So.2d 561 (Fla. 5th DCA 1984); and Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982).