[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Russell Peeler, moves to strike the aggravating factors alleged by the State in its notice of aggravating factors, filed on CT Page 7641 December 13, 1999.
The defendant moves to strike the heinous, cruel or depraved manner and grave risk of death aggravating factors on the ground that they cannot be applied vicariously. To avoid constitutional jeopardy, the defendant argues that the aggravating factor alleging the commission of the capital felonies in an especially "heinous, cruel or depraved manner" should be narrowly construed. Indeed, the defendant argues that Connecticut's death penalty scheme was intended to punish a defendant for his individual conduct and not the conduct of others.
In support of his argument, the defendant relies upon the holdings inState v. Isa, 850 S.W.2d 876 (Mo. 1993) and Omelus v. Florida,584 So.2d 563 (Fla. 1991). The courts in both cases held that the defendants, who did not actually kill the victims, could not be sentenced to death. In State v. Isa, supra, 850 S.W.2d 902-03, the court held that because it is never permissible to sentence a person to death for acts of another, the death penalty jury instructions must focus on the convicted murderer's own character, record and individual mindset as betrayed by her own conduct. Accordingly, the court concluded that it was prejudicial error to permit the jury to consider the conduct of the defendant's husband in assessing whether the death penalty should be imposed. See id. In Omelus v. Florida, supra, 584 So.2d 567, the court held that although the circumstances of a contract killing ordinarily justify the imposition of the death sentence, because the evidence did not establish that the defendant was actively involved in the planning of the murder or had knowledge of how the murder would be committed, the death sentence should be vacated.
In determining whether to impose a sentence of death, the United States Supreme Court has stated that for constitutional purposes there must be an individualized determination on the basis of the character of the individual and the circumstances of the crime. See Zant v. Stephens,462 U.S. 862, 879, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983); see also Statev. Ross, 230 Conn. 183, 233, 646 A.2d 1318 (1994) (holding that a valid death penalty statute must focus the sentencer's attention on the character and record of the individual offender and the circumstances of the particular offense).[1] Moreover, the United States Supreme Court has held that the death sentence could be imposed vicariously if there is evidence of major participation combined with reckless indifference to human life. See Tison v. Arizona, 481 U.S. 137, 158, 107 S.Ct. 1676,95 L.Ed.2d 127 (1987).[2] "[T]he vicarious application of an aggravating circumstance, where statutorily permissible, does not trespass upon the mandates of . . . the Eighth Amendment of the United States Constitution. . . ." Owens v. State, 13 So.W.3d 742, 760 (Tenn.Crim.App. 1999).[3]
CT Page 7642
In the present case, the court finds that the aggravating factors alleged by the state may be applied vicariously because the defendant was a major participant in the planning of the offense; see Tison v.Arizona, supra, 481 U.S. 158; and had knowledge of the manner in which the killings were to be completed. See Owens v. State, supra, 13 So.W.3d 760.[4] Therefore, because the State has alleged that the death penalty should be imposed based upon an individualized determination of the defendant's character and record and the circumstances of the offense, the defendant's motion to strike the aggravating factors alleged by the State is denied.
FORD, J.