969 So.2d 316 (2007)
FLORIDA HEMATOLOGY & ONCOLOGY SPECIALISTS, etc., et al., Petitioners,
v.
Rambabu TUMMALA, M.D., et al., Respondents.
No. SC06-993.
Supreme Court of Florida.
November 1, 2007.
H. Gregory McNeill of Lowndes, Drosdick, Doster, Kantor, and Reed, P.A., Orlando, FL, and Thomas M. Ervin, Jr. of Ervin, Kitchen, Chapman, and Ervin, Tallahassee, FL, for Petitioners.
Christopher V. Carlyle, Shannon McLin Carlyle, and Gilbert S. Goshorn, Jr. of the Carlyle Appellate Law Firm, the Villages, FL, for Respondents.
PER CURIAM.
We originally accepted jurisdiction to review Florida Hematology & Oncology v. Tummala, 927 So.2d 135 (Fla. 5th DCA 2006), pursuant to article V, section 3(b)(3) of the Florida Constitution. See Fla. Hematology & Oncology Specialists v. Tummala, 937 So.2d 122 (Fla.2006) (granting review). However, after hearing oral argument, we have determined that jurisdiction was improvidently granted. Accordingly, we hereby discharge jurisdiction and dismiss this review proceeding.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, C.J., dissents with an opinion.
LEWIS, C.J., dissenting.
After accepting jurisdiction and conducting oral argument, we have now simply dismissed this case. I dissent from the majority's decision to dismiss the instant case because I believe jurisdiction was not improvidently granted. We should resolve the express and direct conflict which clearly exists between the decisions in Florida Hematology & Oncology v. Tummala, 927 So.2d 135 (Fla. 5th DCA 2006), and Southernmost Foot & Ankle Specialists, P.A. v. Torregrosa, 891 So.2d 591 (Fla. 3d DCA 2004). We should exercise our discretion to resolve the conflict to fulfill our constitutional responsibilities to maintain uniformity in Florida law, rather than leaving this split which will continue to cause impact until resolved.
To understand the irreconcilable conflict here, it is necessary to analyze the decisions involved in the issues in the instant case. The present legal issue and controversy is centered upon whether referring *317 physicians are a "legitimate business interest," pursuant to section 542.335 of the Florida Statutes, in the hematology and oncology context. Under section 542.335, a restrictive covenant is enforceable only if it protects a "legitimate business interest." See § 542.335(1)(b), Fla. Stat. (2004). Here, Dr. Tummala entered into a restrictive covenant at the start of his employment with Florida Hematology & Oncology Specialists, P.A., Lake County Oncology & Hematology, P.A., and Roy M. Ambinder, M.D. (collectively "the Corporation"). See Tummala, 927 So.2d at 137. The restrictive covenant prohibited Tummala from practicing medicine within a fifteen-mile radius of any office of the Corporation for a period of two years after termination of his employment. See id. After Tummala terminated his employment and contrary to the restrictive covenant, he immediately opened an office within fifteen miles of an office of the Corporation, and received client referrals from physicians with whom he had previously developed a relationship while working for the Corporation. See id. The Corporation has asserted a significant drop in new patients previously referred by these other physicians. See id.
The Corporation attempted to enforce the restrictive covenant, and Tummala has asserted that the covenant is unenforceable as a matter of law under section 542.335. See id. On appeal, the Fifth District held that referring physicians are not a statutory "legitimate business interest." Tummala, 927 So.2d at 139. The Fifth District reasoned that referring physicians supply a "stream of unidentified prospective patients," and a conclusion that referring physicians are a "statutory `legitimate business interest' would completely circumvent the clear statutory directive that `prospective patients' are not to be recognized as such." Id. Moreover, and most importantly, the Fifth District recognized a conflict in making the following specific observation: "We recognize that this holding . . . appear[s] to conflict with [Torregrosa]," in which a different district court upheld a determination that referral physicians were within the category of "legitimate business interests." Tummala, 927 So.2d at 139 n. 4 (emphasis added).
In Torregrosa, Dr. Torregrosa entered into an employment contract, which contained restrictive covenants, with Southernmost Foot & Ankle Specialists, P.A. ("Southernmost"). See 891 So.2d at 592. After Torregrosa's employment with Southernmost ended, Southernmost attempted to enforce the restrictive covenant provisions, while Torregrosa argued that the "restrictive covenants were void because they did not protect a legitimate business interest." Id. at 593. On appeal, the Third District concluded:
The trial court properly found . . . that the restrictive covenant was reasonably necessary to protect Southernmost's legitimate business interests in its patient base, referral doctors, specific prospective and existing patients, and patient goodwill.
Id. at 594 (emphasis added). This conclusion was not dicta. Rather, it was included within and an essential element in the Third District's holding, which was that various aspects of the restrictive covenants (i.e., duration, geographic breadth, etc.) should not be modified. See id. at 594-95. As described above, a restrictive covenant is enforceable only if it protects a "legitimate business interest" pursuant to section 542.335. Thus, the Third District affirmed that the trial court had properly found that referral doctors are a "legitimate business interest" before it could ever reach the issue of whether the restrictive covenants should be modified.
With this unquestionable express and direct conflict, this Court should have exercised *318 its discretion and accepted review here.[1] I believe jurisdiction should have been accepted here as the instant case is precisely the kind of conflict this Court should be deciding to maintain uniformity in Florida law. There is no way to harmonize Tummala and Torregrosa. The two decisions are irreconcilable, which the Fifth District specifically acknowledged in Tummala. Moreover, a uniform interpretation of section 542.335 is critical not only to medical doctors but to those in all walks of life, because this legislation applies to all types of restrictive covenants. On a daily basis, economic futures are placed at risk through the use of such covenants and reliance upon such covenants. It is clear to me that referral professionals are "legitimate business interests" subject to protection in the geographic jurisdiction of Dade and Monroe counties. However, those in the geographic jurisdiction of the Fifth District Court of Appeal do not have the same legal rights. Thus, a clarification of what the law is with regard to restrictive covenants is imperative. With this Court's refusal to address the issue here, I suggest the Legislature needs to remove this conflict and clarify the law in a manner that will both resolve the existing conflict and provide further guidance on restrictive covenants in general. The economic impact upon business interests is real and substantial. The answer or result may be as determined by either district court of appeal but the important fact is that this issue needs to be resolved one way or another. This conflict should not extend further and our citizens should not face this uncertainty.
Accordingly, I dissent.
NOTES
[1] It should be noted that even under a hypertechnical approach to constitutional jurisdiction, which is not the proper approach, this Court still could have exercised its discretion and accepted review. Even in apparent conflict cases, this Court has exercised jurisdiction to reach the merits of the case. See Pub. Health Trust of Dade County v. Menendez, 584 So.2d 567, 568 (Fla.1991); D'Oleo-Valdez v. State, 531 So.2d 1347, 1348 (Fla.1988); Hardee v. State, 534 So.2d 706, 708 (Fla.1988). The conflict here, however, is not merely apparent conflict, but instead, actual express and direct conflict. Cf. McKean v. Warburton, 919 So.2d 341, 346 (Fla.2005) ("A contrary result creates an apparent conflict because the same factual situation has resulted in different outcomes."). A conflicting rule of law, which is that referral doctors are a legitimate business interest for section 542.335 purposes, is within the four corners of both Tummala and Torregrosa. Facts outside the four corners of the decisions do not have to be assumed for conflict to exist. Cf. Hardee, 534 So.2d at 708 (concluding that conflict jurisdiction exists despite possibly requiring a factual implication to establish conflict); Menendez, 584 So.2d at 569 (discussing that despite the two cases being factually distinguishable, conflict jurisdiction exists as the decision below could be read as an overly broad statement of the law). Instead, as described above, Tummala and Torregrosa have similar facts. Even assuming that the Third District's conclusion constitutes dicta, this Court has previously accepted jurisdiction under circumstances where there is no conflict of holdings. See Watson Realty Corp. v. Quinn, 452 So.2d 568, 569 (Fla.1984) ("We accept jurisdiction in order to recede from the obiter dicta in Canal Authority [v. Ocala Mfg., 332 So.2d 321 (Fla.1976)].").