POLEN, J.
Appellant, Jane Doe, appeals the trial court’s final order of dismissal with prejudice granting appellee’s, Palm Beach County School Board (“School Board”), motion to dismiss her amended complaint. We hold that the trial court did not err in dismissing with prejudice Doe’s claims against the School Board because she failed to comply with the time limitations placed on her asserted claims and did not satisfy the pre-suit notice requirements. We affirm.
On September 13, 2010, appellant filed a complaint against the Palm Beach County School Board and School Board employee, Blake Sinrod. On October 25, 2010, an amended complaint against the same was filed. The amended complaint alleged that Sinrod, a second-grade teacher in Palm Beach County, sexually assaulted and molested his student, seven-year-old Jane Doe, while in his role as a School Board employee. The incident occurred in May of 2003. Doe’s father reported the incident to the school’s vice principal the next day and the administrator allegedly did not believe Doe and refused to investigate the allegations. The vice principal also would not transfer Doe to another class and threatened to call the truancy officer if Doe did not attend the class.
In her amended complaint, Doe claimed that the vice principal of the school acted with deliberate indifference in failing and refusing to investigate the complaint and that her parents were left with no alternative other than to remove her from the school and relocate to another school district. As a result, Doe alleged emotional injury. Doe argued that she complied with the notice requirements of section 768.28, Florida Statutes, by noticing the School Board and the Florida Department of Financial Services of their claims on January 29, 2010. The claims against Sin-rod were assault, battery, and intentional infliction of emotional distress. The claims against appellee, the School Board were a violation of Title IX, 20 U.S.C. §§ 1681, et seq., negligent supervision, negligent retention, and negligent infliction of emotional distress.
Both the School Board and Sinrod filed motions to dismiss the amended complaint. Relevant to this appeal is the School Board’s motion to dismiss. The School Board moved to dismiss based on the statute of limitations time-barring the claims. Specifically, the School Board claimed that Doe failed to comply with the notice requirements of section 768.28(6)(a), Florida Statutes. According to the School Board’s motion to dismiss, a four-year statute of limitations existed for the action. Therefore, Doe must have filed her complaint by May of 2007. However, Doe did not file her complaint until September of 2010, over three years after the four-year period expired. Additionally, the School Board alleged that Doe’s claims were barred for failure to comply with notice requirements under section 768.28(6)(a). The statute requires those bringing claims against the state or a state agency to provide notice in writing to the agency and Florida Department of Financial Services within three years after the claim accrued. Doe did not place the School Board on notice until
*854 January 2010. After a hearing on the matter, the trial court entered an order granting the School Board’s motion to dismiss Doe’s amended complaint with prejudice. This appeal followed.
Appellate courts review a trial court order granting a motion to dismiss with prejudice using the de novo standard of review. Garnac Grain Co. v. Mejia, 962 So.2d 408, 410 (Fla. 4th DCA 2007).
Doe argues that her claims are not time-barred, pursuant to section 95.11(7), Florida Statutes, because her claims are based on the abuse of a minor. The School Board contends that section 768.28(14), Florida Statutes, governs whether Doe’s claims are time-barred, not section 95.11(7). Doe relies on section 95.11(7), limitations for intentional torts based on abuse, to support her argument that she had seven years from the time she reached the age of majority, rather than four years from the accrual of the cause of action, to file her complaint.
Section 95.11(7), titled “For Intentional Torts Based on Abuse,” provides that:
An action founded on alleged abuse ... may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.
§ 95.11(7), Fla. Stat. (2011).
Section 768.28(14)[1] provides that:
Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues....
§ 768.28(14), Fla. Stat. (2011).
The two statutes argued are applied to two different types of torts. Section 95.11(7) applies to intentional torts committed by an individual, while section 768.28 applies to negligent torts committed by the state or one of its agencies. Here, the causes of action against appellee, the School Board, were all in negligence — supervision, retention, and negligent infliction of emotional distress. The causes of action against Sinrod, who is not a party to this appeal, were intentional torts. Doe argues that because she was abused under the definition provided by section 39.01(2), Florida Statutes,[2] section 95.11(7) governs her claims. The School Board contends that a state agency can only be sued to the extent that sovereign immunity is waived, as noted in section 768.28. We agree with the position of the School Board.
In Rodriguez v. Favalora, 11 So.Bd 393 (Fla. 3d DCA 2009), the court held that a minor child who has been abused should *855 be protected from having his or her claim dismissed due to failure to bring the cause of action within a four-year period. Id. at 397. Our supreme court has explained that a child may suffer from shock or experience emotions which may cause him or her to suppress the abuse from his or her mind. Hearndon v. Graham, 767 So.2d 1179, 1186 (Fla.2000). While this is not the ease here, as Doe immediately reported the abuse to her parents and the school, Heamdon provides that a child should not, as a result of this reaction to abuse, be denied the opportunity to bring a claim against his or her attacker. See id. These cases are distinguished from the instant case because the former victims did not seek to bring claims against state agencies and, instead, sought to bring claims against private individuals.
Section 768.28(14) sets forth limitations for negligent tort claims involving state agencies, while section 95.011 provides that a civil action is barred unless it is brought within the time provided in chapter 95, unless a different time is stated elsewhere in the Florida Statutes. § 768.28(14); § 95.011, Fla. Stat. (2011). Section 768.28 provides a four-year statute of limitations, whereas section 95.11 gives the minor victim of intentional abuse a longer period to bring a claim. According to the language in section 95.011, time limitations set forth under chapter 95 are secondary to those listed under other chapters. As such, the time limitation under chapter 768 should control. Additionally, section 768.28(14) bars negligence claims against state agencies, unless the action is filed within four years from the accrual of the claim. § 768.28(14). Section 768.28(14) makes two exceptions, neither of which have any effect on relevant sections of chapter 95.
Public Health Trust of Dade County v. Menendez, 584 So.2d 567 (Fla.1991), further explains that when “a governmental entity subject to the waiver of sovereign immunity” is involved, chapter 768, rather than chapter 95, governs for purposes of that entity. Id. at 569. The Supreme Court of Florida held in Board of Public Instruction of Broward County v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969), that “[a] county school board is part of the state system of public education ... and has been held to be a state agency for the purpose of immunity from suit.” Id. at 432. Therefore, the School Board is a governmental entity, subject to the waiver of sovereign immunity. As such, the time limitations in section 768.28 are applicable, rather than those set forth under section 95.11.
Doe also argues that the tolling provisions under section 95.11(7), Florida Statutes, should apply to the notice provisions set forth under section 768.28(6)(a). The School Board explains that the heading of section 95.11(7), For “Intentional Torts Based on Abuse,” proves the inapplicability of the statute because none of the claims against the School Board are intentional torts. Therefore, the School Board contends that failure to notify it of the claim within three years from the time of the act warranted dismissal of her claim with prejudice.
Section 768.28(6)(a), Florida Statutes, requires those bringing claims against the state or a state agency to provide notice in writing to the agency or Florida Department of Financial Services, depending on which agency the claim is brought against, within three years after the claim accrued. § 768.28(6)(a), Fla. Stat. (2011). Doe did not place the School Board on notice until January 2010, almost seven years after the alleged act, and the Department of Financial Services was not notified at all before the claims were filed.
As previously discussed, the claims against the School Board are solely based on negligence, not intentional torts. Doe *856 seeks to apply an intentional torts statute to toll the time for when she must have submitted the sexual assault claims. While the claims against Sinrod do fit under the category of intentional torts, those filed against the School Board are squarely within the category of negligence. As a result, section 95.11(7) is inapplicable as to Doe’s claims against the School Board and, accordingly, cannot be used to toll the times in which she must have given notice to the School Board of her claims and in which she must have filed, those claims.
Chapter 95 expressly states that its time limitations are secondary to other times prescribed in the Florida Statutes. Therefore, the time restraints set forth in chapter 768 take precedence. We hold that Doe did not comply with the requirements set forth under section 768.28(6)(a) when she did not notify the School Board or the Department of Financial Services of her claims within the statutory three-year period.
We note that if the legislature intended to extend chapters 95 and 768 as to both individuals and governmental entities under the theory of respondeat superior, it should have expressly provided as such. Instead, chapter 95 expressly bars civil actions against governmental entities which are not brought within the time period prescribed in the Florida Statutes, while chapter 768 expressly requires negligence claims against the state or one of its agencies to be commenced within four years of the time the action accrues. The interplay between the two statutes evidences a precedential effect of the time limitations in chapter 768, as noted by the language in section 95.011, which provides that civil actions are “barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.” § 95.011, Fla. Stat.
Additionally, Doe brought a Title IX claim against the School Board and argued that the claim was not time-barred, even if she could no longer bring her state claim. “[A] Title IX claim for damages is most closely analogous to a common law action for personal injury; therefore, the statute of limitations for personal injury actions controls.” M.H.D. v. Westminster Schools, 172 F.3d 797, 803 (11th Cir.1999). “[W]here state law provides multiple statutes of limitations for personal injury actions, courts ... should borrow the general or residual statute for personal injury actions.” Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). As Owens describes, several states have multiple statutes governing intentional torts, presenting the question of which statute is the proper one on which to rely for a time limitation. See id. at 243. Owens solves this confusion by providing that a general or residual statute is a better option because “each State would have no more than one.” Id. at 248. In an effort to eliminate the confusion discussed in Owens, we rely on 95.11(3), Florida Statutes, a general statute of limitations statute, rather than one of the several which govern intentional torts. Section 95.11(3) prescribes four-year time periods for negligence under subsection (a) and “assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort,” unless expressly excluded, under subsection (o). § 95.11(3), Fla. Stat. (2011).
Based on this statute, Doe did not file her Title IX claim within the prescribed four-year statutory period and, therefore, her claim was properly dismissed.
Accordingly, we affirm the trial court’s order and hold that the trial court did not err in dismissing with prejudice Doe’s claims against the School Board because she did not comply with the applicable *857 time limitations, nor did she satisfy the pre-suit notice requirements. We take no position on the remaining claims against Sinrod, which were intentional torts against an individual person.

Affirmed.

HAZOURI and LEVINE, JJ., concur.

. Section 768.28, Florida Statutes, governs negligent torts and, specifically, the waiver of sovereign immunity in tort actions, recovery limits, limitation on attorney fees, statute of limitations, exclusions, indemnification, and risk management programs. § 768.28, Fla. Stat. (2011).

. Under section 39.01, Florida Statutes,
"Abuse” means any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired. Abuse of a child includes acts or omissions. Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child.
§ 39.01(2), Fla. Stat. (2011).