# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2453
Lower Tribunal No. 13-20362

_____

**Joyce Firestone,**
Appellant,

vs.

**Temple Beth Sholom,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Weil, Quaranta, McGovern, P.A., and Ronald P. Weil and John M. Quaranta, for appellant.

Gaebe, Mullen, Antonelli & DiMatteo, and Elaine D. Walter and Joseph M. Winsby, for appellee.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

LOGUE, J.

Joyce Firestone seeks review of the final judgment entered in favor of Temple Beth Sholom, which held her claims against the Temple were filed after the statute of limitations had expired. Under the governing law, we are required to affirm.

According to the complaint, in 1971 and 1972, while she was a minor and student at the Temple, Ms. Firestone was sexually abused by Barak Yaron,[1] a teacher employed by the Temple. Approximately forty years later, in 2013, Ms. Firestone sued the Temple under various theories, which were finally reduced to two: (1) the Temple was vicariously liable for Yaron's actions under the doctrine of respondeat superior; and (2) the Temple violated its fiduciary duty to her. Such tort claims are normally subject to the four-year limitations period found in section 95.11(3), Florida Statutes (2012). The complaint explains, however, that the delay in filing her claim was due to the traumatic nature of the abuse inflicted upon her which caused her to suffer repressed memory syndrome and, consequently, she had no memory of the abuse until 2009, when it resurfaced.

Ms. Firestone first argues that the circumstance of her repressed memory syndrome brings her within the provisions of section 95.11(7), which provides:

> FOR INTENTIONAL TORTS BASED ON ABUSE. — An action founded on alleged abuse, as defined in s. 39.01, s. 415.102, or s. 984.03, or incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after

---

[1] Barak Yaron is not a party to this appeal.

the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.

As a plain reading of this section indicates, the legislature has indeed provided that the statute of limitations for certain claims of sexual abuse is tolled to "4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse." Id. By the express language of the statute, however, this tolling is limited to "intentional torts," and Ms. Firestone's theory of liability is not that the Temple committed an intentional tort, but that the Temple is either vicariously liable or the Temple breached its fiduciary duty. As we held in Cisko v. Diocese of Steubenville, 123 So. 3d 83, 85 (Fla. 3d DCA 2013):

> [I]n more than ten years since enacting section 95.11(7), the legislature has not extended the limitations period to causes of action other than intentional torts. Our holding today also accords with the Fourth District Court of Appeal's interpretation of section 95.11(7) and Hearndon [v. Graham, 767 So. 2d 1179 (Fla. 2000)]. See Doe v. Sinrod, 90 So. 3d 852, 854 (Fla. 4th DCA 2012) (declining to apply tolling provisions under section 95.11(7), Fla. Stat. (2011), to negligence action against school board based on alleged sexual abuse by school board employee). Although the appellants make compelling arguments, we conclude the requested relief is a matter for legislative consideration.

(emphasis added). For this reason, the trial court was correct in finding that Ms. Firestone's claim did not come within section 95.11(7).

3

Ms. Firestone next argues that her claim comes within the provisions of section 95.11(9), which provides:

> SEXUAL BATTERY OFFENSES ON VICTIMS UNDER AGE 16.—An action related to an act constituting a violation of s. 794.011 involving a victim who was under the age of 16 at the time of the act may be commenced <u>at any time. This subsection applies to any such action other than one which would have been time barred on or before July 1, 2010</u>.

(emphasis added). Without reaching the issue of whether this provision covers the theories of liability relied upon by Ms. Firestone, we note that this provision does not apply to causes of action that accrued and would be time barred on or before July 1, 2010. Because Ms. Firestone's claim would be so barred, the trial court was correct in concluding that Ms. Firestone's claims do not come within this provision.

Affirmed.