# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1463
Lower Tribunal No. 21-3578
_____

**John Doe 1,**
Appellant,

vs.

**Archdiocese of Miami, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Herman Law, and Jeffrey M. Herman, and Stuart S. Mermelstein, and Daniel G. Ellis (Boca Raton), for appellant.

Gaebe, Mullen, Antonelli & DiMatteo, Joseph M. Winsby, and Emily C. Smith, for appellees.

Before LOGUE, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant John Doe 1 (Plaintiff below) appeals from a final order dismissing his Complaint with prejudice.[1]  Doe brought one count of negligence and one count of intentional infliction of emotional distress ("IIED") against Appellee (Defendant below) the Archdiocese of Miami, Inc. related to allegations of sexual abuse.  We affirm the trial court's dismissal of Doe's negligence claim because the statute of limitations has expired.  However, we reverse the dismissal of Doe's IIED claim because it is an action related to sexual battery involving a victim under the age of 16 that was viable after July 1, 2010, and it may therefore be brought "at any time" pursuant to § 95.11(9), Florida Statutes (2022).

## I.    INTRODUCTION

This case, before us at the motion to dismiss stage, is about whether Doe has stated a viable claim against the Archdiocese.  Doe, age 29 at the time of filing this lawsuit, is seeking damages from the Archdiocese for its alleged intentional acts related to the sexual abuse by a Priest when Doe was under the age of 16.[2]  The Archdiocese contends that Doe is barred

---

[1] Because the Complaint concerns child sexual abuse, Doe is using a fictitious name to protect his identity.  Two additional Plaintiffs joined Doe below (John Doe 2 and John Doe 3); however, the parties filed a joint stipulation for dismissal of the appeal as to Doe 2 and Doe 3.

[2] Whether such intentional acts occurred is not for our consideration.

from bringing any claim against it by the statute of limitations due to the amount of time that has elapsed since the alleged abuse occurred. To answer this question, we must examine several Florida statutes dealing with limitation periods, but our decision hinges primarily on the interplay between §§ 95.11(9) and 95.11(7), Florida Statutes 2022.[3]

## II.    BACKGROUND

The underlying action arises from allegations of child sexual abuse and what the Archdiocese allegedly did or did not do in relation thereto. According to Doe's Complaint, the Archdiocese "employed, retained,

---

[3] Our research has uncovered no other opinions weighing in on the precise issues before us. Although Florida courts have held that § 95.11(7) is inapplicable to respondeat superior claims against an institution, no court has squarely addressed claims directly against an institution for its own alleged intentional acts related to sexual battery of a minor. See W.D. v. Archdiocese of Miami, Inc., 197 So. 3d 584, 588–89 (Fla. 4th DCA 2016) ("Section 95.11(7) likewise does not apply to the plaintiff's claims for intentional infliction of emotional distress . . . . Although that claim is an intentional tort, it is based upon the theory of respondeat superior and not the direct intentional acts of the Archdiocese and school, which are institutional defendants. The plaintiff's attempt to bootstrap the respondeat superior claims against institutional defendants to the intentional acts of the priests fails."); Firestone v. Sholom, 183 So. 3d 1225, 1226 (Fla. 3d DCA 2016) ("[Section 95.11(7)] is limited to 'intentional torts,' and [plaintiff's] theory of liability is not that the Temple committed an intentional tort, but that the Temple is either vicariously liable or the Temple breached its fiduciary duty."); see also R.R. v. New Life Cmty. Church of CMA, Inc., 303 So. 3d 916, 919 n.1 (Fla. 2020) ("Specifically, we do not address petitioners' arguments that their claims were timely under section 95.11(7) or 95.11(9), Florida Statutes (2019) . . . .").

supervised, and was otherwise responsible" for the Priest who allegedly abused Doe.[4] The Complaint contains detailed allegations that the Archdiocese knew about the Priest's long history of child sexual abuse, going back at least as far as 1969, but concealed this information, continued to place the Priest in positions with access to children, and did nothing to prevent further abuse. Doe alleges the Priest sexually abused him dozens of times between 1999 and 2001, when he was between seven and nine years old. Doe did not disclose the sexual abuse to his mother or father while he was a minor.

Doe filed the underlying Complaint directly against the Archdiocese in February 2021. The Complaint contains two counts. In Count One, Doe alleges the Archdiocese was negligent for failing to protect him from sexual abuse. In Count Two, Doe alleges the Archdiocese's intentional acts of "ignoring and concealing credible accusations and physical evidence of child sexual abuse" and allowing the Priest to remain in positions with access to children directly resulted in emotional distress.

The Archdiocese moved to dismiss arguing that both the negligence claim and the IIED claim were barred by the limitations set forth in § 95.11,

---

[4] The Priest is not a party to this action.

4

Florida Statutes.  Following a hearing, the trial court agreed and dismissed Doe's Complaint with prejudice.  Doe timely appealed.

### III.    ANALYSIS

We review de novo the trial court's dismissal based on statute of limitations grounds.  See. e.g., <u>Xavier v. Leviev Boymelgreen Marquis Devs., LLC,</u> 117 So. 3d 773, 775 (Fla. 3d DCA 2012).  "A motion to dismiss a complaint based on the expiration of the statute of limitations should only be granted 'in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law.' . . . Therefore, in ruling on a motion to dismiss, a trial court may only consider the allegations pled in the complaint." <u>Alexander v. Suncoast Builders, Inc.</u>, 837 So. 2d 1056, 1057 (Fla. 3d DCA 2002) (quoting <u>Rigby v. Liles</u>, 505 So. 2d 598, 601 (Fla. 1st DCA 1987)) (citations omitted).

On appeal, Doe contends the statute of limitations has not expired with respect to his negligence claim and his IIED claim.  We address each claim and the relevant statutes in turn.

### a. Negligence[5]

---

[5] When counsel for Doe was asked about his negligence claim at oral argument, he answered that he was only going to address his IIED claim.

5

Our Supreme Court recently explained that "[t]he Legislature has adopted a comprehensive statutory framework to govern limitations periods, including provisions that address when those periods begin to run (accrual) and when they are suspended from running (tolling)." R.R. v. New Life Cmty. Church of CMA, Inc., 303 So. 3d 916, 918 (Fla. 2020). Applicable here is § 95.11(a)(3), Florida Statutes (2022), which establishes that "[a]n action founded on negligence" shall be commenced "[w]ithin four years."

The point at which a limitations period begins to run (accrual) is set forth in § 35.031(1), Florida Statutes (2022): "A cause of action accrues when the last element constituting the cause of action occurs." Under this test, Doe's negligence claim accrued "at the time of injury (that is, when the sexual abuse was inflicted)." See R.R., 303 So. 3d at 921. The Complaint alleges Doe was last abused in 2001, when he was nine years old. Therefore, the statute of limitations for Doe's negligence claim expired four years later, in 2005. Doe brought his negligence action in 2021, nearly 20 years after his cause of action accrued and well beyond the four-year limit established in § 95.11(a)(3).

Doe attempts to circumvent the statutory four-year limit by relying on Drake v. Island Community Church, Inc., 462 So. 2d 1142 (Fla. 3d DCA 1984). In Drake, this Court created a delayed discovery rule, which

6

postponed accrual of child sexual abuse claims: "the statute of limitations could not begin to run against the minor child in the present case until the parent knew or reasonably should have known those facts which supported a cause of action." Id. at 1144.  This delayed discovery rule is not found in the statutory framework governing limitations, and it is undisputed that the Florida Supreme Court overturned Drake and held that this Court exceeded its authority when it went beyond the statutory framework and created the delayed discovery rule.  See R.R., 303 So. 3d 921-24.  Because R.R. is binding and dispositive, we affirm the trial court's dismissal of Doe's negligence claim since it was brought years after the four-year limit set forth in § 95.11(3)(a).

### b. Intentional Infliction of Emotional Distress[6]

In 2010, the Legislature abolished the statute of limitations for actions related to sexually battery on a victim under 16, so long as the claim was not time-barred on or before July 1, 2010:

---

[6] The Archdiocese contends this issue is not properly before this Court.  We disagree.  Doe presented the exact argument below that he relies on here; it is therefore preserved.  See Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985))).

(9) SEXUAL BATTERY OFFENSES ON VICTIMS UNDER AGE 16.—An action related to an act constituting a violation of s. 794.011 [Florida's Sexual Battery Statute] involving a victim who was under the age of 16 at the time of the act **may be commenced at any time**. This subsection applies to any such action other than one which would have been time barred on or before July 1, 2010.

Section 95.11(9), Fla. Stat. (2022) (emphasis added).[7]

It is undisputed that Doe's IIED claim is "related to an act constituting" sexual battery. See also W.D. v. Archdiocese of Miami, Inc., 197 So. 3d 584, 589 (Fla. 4th DCA 2016) ("[Section 95.11(9)] is broad enough to include a cause of action against a non-perpetrator if it is related to a sexual battery."). Moreover, Doe alleges he was under the age of 16 at the time the abuse occurred. The dispositive issue, then, is whether Doe's IIED claim was time-barred on or before July 1, 2010.

To determine whether Doe had a viable IIED claim, we turn to § 95.11(7), Florida Statutes (2022), which sets forth limits for intentional torts based on abuse:

(7) FOR INTENTIONAL TORTS BASED ON ABUSE.—An action founded on alleged abuse, as defined in s. 39.01, s. 415.102, or s. 984.03, or

---

[7] This legislation garnered unanimous support and was signed into law by the Governor on May 11, 2010. See Ch. 2010-54, Laws of Fla.; HB 525 (2010) – Statutes of Limitations for Sexual Battery, https://www.myfloridahouse.gov/Sections/Bills/billsdetail.aspx?BillId=42911 .

incest, as defined in s. 826.04, may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.

As an initial matter, we must address whether Doe's action is founded on alleged abuse as defined in §§ 39.01, 415.102, or 984.03. The Archdiocese argues that the definitions referenced in § 95.11(7) apply only to abuse by individuals and not by institutions. We disagree.

Section 39.01 is the definitions section for Chapter 39 "Proceedings Related to Children." Abuse is clearly and broadly defined as follows:

"Abuse" means any willful act or threatened act that results in any physical, mental, or sexual abuse, injury, or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired. Abuse of a child includes acts or omissions. Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child.

§ 39.01(2), Fla. Stat. (2022). Under the plain language of this definition, abuse is <u>any</u> "willful act or threatened act that results in any physical, mental, or sexual abuse, injury, or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." <u>Id.</u>

9

Nothing in this definition limits abuse only to such acts by an individual abuser as opposed to an institution.

Similarly, § 984.03—the definitions section for Chapter 984 "Children and Families in Need of Services"—does not limit abuse to acts by an individual:

> "Abuse" means any willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired. Corporal discipline of a child by a parent or guardian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child as defined in s. 39.01.

§ 984.03(2), Fla. Stat. (2022).

The only definition of abuse referenced in § 95.11(7) that identifies the abuser as a type of individual is found in § 415.102(1): "'Abuse' means any willful act or threatened act **by a relative, caregiver, or household member** which causes or is likely to cause significant impairment to a vulnerable adult's physical, mental, or emotional health. Abuse includes acts and omissions." (Emphasis added). However, this definition, which is found in Chapter 415, is inapplicable here as it has to do with "Adult Protective Services."

Based on the plain language of the two relevant, broad definitions of abuse concerning children, we conclude that § 95.11(7) broadly applies to

10

any act of abuse, which includes acts of abuse committed by individuals and institutions.[8]

Having established that Doe's intentional tort is founded on alleged abuse as defined in the relevant statutes, we must next calculate the applicable time limit. Pursuant to section 95.11(7), an intentional tort founded on abuse "may be commenced at any time within 7 years after the age of majority . . . ." It is undisputed that Doe reached the age of majority in 2010. This means his intentional tort claim survived until 2017, seven years after the age of majority. Because Doe had a viable claim well after § 95.11(9)'s effective date of July 1, 2010, his action "may be commenced at any time . . . ." We therefore hold that the trial court erred in dismissing Doe's IIED claim.

## IV.    CONCLUSION

---

[8] The trial court correctly reached this same conclusion: "I don't see where the statute in any way limits it to the actual person that committed the abuse. There's no mention of it being limited in that respect." The trial court, however, was bound by W.D., which held that "[t]he definitions of abuse cross-referenced in section 95.11(7) do not provide for abuse by an institution." 197 So. 3d at 588; see also Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts."). In W.D., the Fourth District focused on "plaintiff's attempt to bootstrap the respondeat superior claims against institutional defendants to the intentional acts of the priests[.]" 197 So 3d. at 589. Here, however, Doe's intentional tort claim is not a vicarious liability claim as it has to do with the intentional acts of the Archdiocese itself.

We affirm the trial court's dismissal of Doe's negligence claim because the statute of limitations expired in 2005, four years after Doe's negligence action accrued.  See § 95.11(a)(3).  However, we reverse the dismissal of Doe's IIED claim because the Legislature has abolished the statute of limitations for actions related to sexually battery on children under the age of 16, so long as the claim was not time barred on or before July 1, 2010.  See 95.11(9); see also §95.11(7).

Affirmed in part and reversed and remanded in part for further proceedings.